**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TIMOTHY E. LANDO, JR.,**

                    **Plaintiff,**
    v.                                                   9:18-CV-1472

**ANTHONY J. ANNUCCI, STEVEN A.**
**CLAUDIO, KENNETH GILBERT,**
**MARGARET MONTFORT-BALFOUR,**
**JAY MOSS, TAMMY GRONAU,**
**KENNETH PALMER, BRIAN REED,**
**JASON RHODES,**

                    **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I.**    **INTRODUCTION**

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. Thérèse W. Dancks, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). In her November 25, 2019 Order and Report-Recommendation ("Rep. Rec.")( Dkt. No. 45), Magistrate Judge Dancks recommends Defendants' Rule 12(b)(6) motion to dismiss (Dkt. No. 29) be denied as it relates to Plaintiff's claims for injunctive relief, and granted without prejudice as it relates to Plaintiff's claim against Defendant Steven A. Claudio in his individual capacity. Rep-Rec., at 13. Defendants filed objections to that part of Magistrate Judge Dancks'

1

recommendation addressed to the claims for injunctive relief. Dkt. No. 46.

## II.   STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). When no objection is made to a portion of a report-recommendation, the Court subjects that portion of the report and recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (citations omitted). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

## III.   RELEVANT BACKGROUND

On September 29, 2006 in Onondaga County Court, Plaintiff pleaded guilty to First Degree Rape in violation of New York State Penal Law § 130.35(1). *See* Dkt. No. 7, at 5; Rec. Rec., at 3, n. 4. On October 25, 2006, he was principally sentenced to a ten (10) year determinate sentence in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). *See* 03/08/12 Mem.-Dec. & Ord., Dkt. No. 15, *Lando*

2

*v. Rock*, 9:11-CV-0010 (N.D.N.Y.), at 3. On August 11, 2016, Plaintiff was conditionally released from DOCCS's custody to parole supervision. Dkt. No. 1, at ¶¶ 18, 52. Defendants Gronau, Reed, and Rhodes served as Plaintiff's parole officers during relevant periods. *See generally, id.* Each of these parole officers imposed specific conditions of parole that Plaintiff finds objectionable. *See generally, id.* In May 2018, "Plaintiff was violated on parole based upon 11 charges; during plaintiff's parole hearing . . . Plaintiff pled guilty to two charges, going into an establishment where alcohol is served and sold as a primary purpose of the location; and failing to abide by curfew; the remainder of the charges were withdrawn/dismissed; and the plaintiff was ordered to serve a 24-month time assessment." *Id.*, at ¶ 52.

Plaintiff filed his complaint *pro se* on December 20, 2018. The complaint asserts challenges pursuant to 42 U.S.C. § 1983 to several special conditions of parole imposed upon Plaintiff, asserting that DOCCS personnel implemented conditions of parole that were arbitrary and capricious and violated his procedural and substantive due process rights. *See generally*, *id.* Plaintiff seeks injunctive relief to remove special conditions imposed upon him which allegedly restrict his ability to associate with his family, which prohibits his contact with his children, which provides for GPS monitoring, which imposes a curfew, and which restricts his ability to visit his girlfriend's (now wife) residence. *See Id.*, at p. 27.

Defendants moved to dismiss the injunctive relief claims on the ground that they raise moot issues. Defendants argued any special conditions of parole have been necessarily extinguished because Plaintiff was reincarcerated after he was found to have

3

violated the conditions of his parole. Dkt. No. 29-1 at 9-10. Magistrate Judge Dancks found, however, that the defendants did not "point to any statute or New York rule providing that special conditions of parole are automatically revoked." Rep.-Rec., at 7. Magistrate Judge Dancks found that "New York law does not provide a clear answer with respect to whether Plaintiff's special conditions will apply when he is released from his current time assessment and returned to his term of post-release supervision," and that the defendants "have not established such result is a foregone conclusion." *Id.*, at 9. Accordingly, Magistrate Judge Dancks recommended that the defendants' motion to dismiss the injunctive relief claims be denied. *Id.*

In their objections, the defendants argue, *inter alia*, that "[t]he Parole Board has 'the power and duty of determining the conditions of release' of a person, like Plaintiff here, 'who may be presumptively released, conditionally released or subject to a period of post-release supervision....,'" and that a field parole officer has authority to impose special conditions on a parolee's release. Dkt. No. 46, at 3 (quoting N.Y. Exec. L. § 259-c(2) and citing 9 N.Y.C.R.R. § 8003.3). Thus, the defendants argue that "when Plaintiff was reincarcerated in a DOCCS facility after pleading guilty to violations of his parole conditions, his parole status was revoked, his prior parole conditions were extinguished as a matter of law, and—because the Parole Board and whichever parole officer is assigned to Plaintiff's case upon his re-release has discretion to impose whichever conditions deemed appropriate—it has not yet been determined what Plaintiff's future conditions of parole will be." *Id.*, at 5.

IV. **DISCUSSION**

    a. **Equitable Relief Claims**

4

Assuming the accuracy of the defendants' contentions that Plaintiff's parole status was revoked, his prior parole release conditions extinguished, and new conditions of parole release will be imposed following his release from his time assessment,[1] the defendants' challenge is one more properly brought under the doctrine of ripeness rather than mootness. As the defendants cite in their objections, "under the general rule of mootness, courts' subject matter jurisdiction *ceases* when an event occurs *during the course of the*

---

[1] Defendants are correct that Plaintiff's admission to parole condition violations essentially revoked his parole status and resulted in his re-incarceration to serve a time assessment. *See, e.g.*, *New York State Department of Corrections and Community Supervision 08/06/18 Directive*: *Community Supervision Revocation Process*, at ¶V(J) ("[I]f the ALJ sustains one or more of the charged violations, the ALJ shall direct that the person's release status be revoked and the adjudicated violator may be: (a) re-incarcerated; (b) restored to supervision; or (c) placed into a parole transitional facility.")(citing N.Y. Exec. L. §§ 259-i(3)(f)(viii) and (x)), https://doccs.ny.gov/system/files/documents/2019/07/9050%20%20%20Community%20Supervision%20%E2%80%93%20Revocation%20Process.pdf (last accessed 03/02/20). However, the defendants' contentions that the Parole Board and field parole officers have the authority to impose general and special conditions on a parolee's release does not necessarily mean that new conditions, as opposed to re-application of previous conditions, will be imposed upon Plaintiff's release from incarceration on his time assessment. Indeed, applicable statutory and regulatory provisions speak of the possibility of "re-release" as opposed to "re-parole" for a person in Plaintiff's situation. *See* N.Y. Exec. Law § 259-i(g)(Revocation of presumptive release, parole, conditional release or post-release supervision shall not prevent re-parole or re-release provided such re-parole or re-release is not inconsistent with any other provisions of law. When there has been a revocation of the period of post-release supervision imposed on a felony sex offender who owes three years or more on such period imposed pursuant to subdivision two-a of section 70.45 of the penal law, and a time assessment of three years or more has been imposed, the violator shall be reviewed by the board of parole and may be restored to post-release supervision only after serving three years of the time assessment, and only upon a determination by the board of parole made in accordance with the procedures set forth in this section. . . . If a time assessment of less than three years was imposed upon such a defendant, the defendant shall be released upon the expiration of such time assessment, unless he or she is subject to further imprisonment or confinement under any other law."); N.Y. Penal L. § 70.45(5)(d)("When a person is alleged to have violated a condition of post-release supervision and the department of corrections and community supervision has declared such person to be delinquent: (i) the declaration of delinquency shall interrupt the period of post-release supervision; (ii) such interruption shall continue until the person is restored to post-release supervision; . . . (iv) if the person is ordered returned to the department of corrections and community supervision, the person shall be required to serve the time assessment before being re-released to post-release supervision."); 9 N.Y.C.R.R. § 8002.6(c)(1)("Eligibility for re-release. All parole violators identified as eligible for re-release . . . will be re-released to parole supervision as soon as practicable after completion of the delinquent time assessment imposed . . . . If, at the completion of the delinquent time assessment imposed, the parole violator is serving the balance of a definite sentence of incarceration, the parole warrant will be lifted upon completion of the delinquent time assessment."). While the revocation of parole status may extinguish the prior conditions and require the implementation of new conditions (even ones similar to the prior conditions), the defendants have not, as Magistrate Judge Dancks found, established that such result is a foregone conclusion.

5

*proceedings* or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Cty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) (internal citations and quotations omitted, emphases added). Mootness "ensures that the occasion for judicial resolution established by standing persists *throughout the life of a lawsuit*." *Amador v. Andrews*, 655 F.3d 89, 99 (2d Cir. 2011) (citation omitted, emphasis added). "The . . . doctrine of 'mootness' operationalizes the rule that 'an actual controversy must [exist] *at all stages of review, not merely at the time the complaint is filed*;' if 'an intervening circumstance' deprives the case of the requisite concreteness or imminence 'at any point during litigation, the action can no longer proceed and must be dismissed as moot.'" *Newman v. Annucci*, No. 3:17-CV-0918 (LEK/DEP), 2019 WL 3050520, at *4 (N.D.N.Y. July 12, 2019)(quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71–72 (2013)(citation omitted))(emphasis added).

Ripeness, by contrast, is intended to avoid the "premature adjudication" of abstract disagreements. *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (internal quotation marks omitted). "To be justiciable, a cause of action must be ripe—it must present a real, substantial controversy, not a mere hypothetical question." *Id.* (internal quotation marks omitted). While "[i]t is sufficient if the injury plaintiff alleges is 'certainly impending,'" *Jungels v. New York*, 50 F. App'x 43, 44 (2d Cir. 2002)(quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)(internal quotation marks and citation omitted)), "[f]ederal courts may not issue opinions 'advising what the law would be upon a hypothetical state of facts.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)(internal quotation marks and citation omitted)). "'When the events alleged

6

in a plaintiff's cause of action have not yet occurred, a federal court is precluded from exercising subject matter jurisdiction because a real case or controversy does not exist for purposes of Article III.'" *Id.* (quoting *Auerbach v. Board of Educ.*, 136 F.3d 104, 108-09 (2d Cir.1998)).

Plaintiff's re-incarceration in DOCCS's custody based upon his admission to violating two conditions of his parole release occurred before he commenced this action. Indeed, the situation is referenced in the Complaint. *See* Dkt. 1, ¶ 52. If, as the defendants contend, new conditions of parole release will be imposed upon Plaintiff's release from his time assessment, a controversy surrounding these conditions has not yet ripened and the claims for injunctive relief ask the Court to issue an opinion on a hypothetical state of facts. Inasmuch as the defendants' motion appears to raise a ripeness challenge to the equitable relief claims yet this particular issue was not presented in the motion, and because ripeness "is a jurisdictional issue which the court is obliged to consider first," *E. 18th Mgmt. Corp. v. CSC ServiceWorks, Inc.*, No. 18-CV-4068 (NGG/RML), 2019 WL 2994447, at *4 (E.D.N.Y. July 9, 2019)(citing *Murphy v. New Milford Zoning Com'n*, 402 F.3d. 342, 347 (2d Cir. 2005)), the Court will accept and adopt Magistrate Judge Dancks's recommendation to deny the motion in this respect, albeit for a different reason. *See id.*, at *3, n. 3 ("The court need not address whether the issue is moot because the action is not ripe for review.")(citing *Jungels*, 50 Fed. App'x at 45). The motion in this respect is denied without prejudice to renewal on ripeness grounds.

### b. Defendant Steven A. Claudio

There being no objection to Magistrate Judge Dancks' recommendation that the

7

defendants' motion be granted without prejudice as it relates to Plaintiff's claim against Defendant Steven A. Claudio in his individual capacity, and the Court finding no clear error relative thereto, the recommendation in this regard is accepted and adopted

## V. CONCLUSION

For the reasons discussed above, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Dancks' recommendations in the Order and Report-Recommendation (Dkt No. 45 ). Therefore, it is hereby

**ORDERED** that the defendants' Rule 12(b)(6) motion to dismiss Plaintiff's claims for injunctive relief (Dkt. No. 29) is **DENIED** without prejudice to renewal on ripeness grounds; and it is further,

**ORDERED** that the defendants' Rule 12(b)(6) motion to dismiss Plaintiff's claim against Defendant Steven A. Claudio in his individual capacity (Dkt. No. 29) is **GRANTED** without prejudice.

**IT IS SO ORDERED.**

Dated:  March 11, 2020

Thomas J. McAvoy
Senior, U.S. District Judge