**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

TIMOTHY E. LANDO, JR.;

                Plaintiff,

      v.                                            9:18-CV-1472
                                                             (TJM/TWD)

STEVEN A. CLAUDIO, et. al.,

                Defendants.
_____

**THÉRÈSE WILEY DANCKS , U.S. MAGISTRATE JUDGE**

**MANDATORY PRETRIAL DISCOVERY AND SCHEDULING ORDER IN CIVIL RIGHTS ACTIONS BROUGHT BY INMATES PRO SE**

To expedite the fair disposition of this action and to discourage wasteful pretrial activities, the Court directs that the attorneys or parties, if appearing pro se, comply with the following procedures.

**I. Discovery**

**A. Documents.** Within sixty (60) days of the date of this order:

**1. Plaintiff(s**) shall serve defendant(s) a list specifying the following, and shall produce to defendant(s) copies of any that are within the possession, custody or control of plaintiff(s):

    **a.** Documents and other materials which plaintiff(s) may use to support the claims in the complaint;

     **b.** Correspondence, grievances, grievance appeals, and other documents relating to requests for administrative remedies or the inability or failure to exhaust such remedies; and

     **c.** Complaints and petitions filed by plaintiff(s) in any other cases in any court relating to the same issues raised in the complaint in this action or, if such documents are not within the possession of plaintiff(s), plaintiff(s) shall provide to counsel for defendant(s) a list of any such legal proceedings stating the court in which the proceeding was filed, the caption of the case, and the court number.

    **2. Defendant(s)** shall provide to plaintiff(s) copies of all documents and other materials in the care, custody, or control of any defendant or the defendant's employer if the employer is a public entity such as the New York State Department of Corrections and Community Supervision (DOCCS) related to the claims or defenses in the case. Where applicable, such documents and materials shall include those documents and materials described in Attachment A hereto.[1] In the cases listed in Attachment A hereto, provision of the documents and materials described therein shall constitute presumptive compliance with this Order.

    **3. Written Discovery Demands.** The parties shall **NOT** serve any requests to produce documents, pursuant to Fed. R. Civ. P. 34, until 60 days after the date of this Order; the opposing party may return any requests to produce documents served prior to

---

[1] If any document, or any portion thereof, otherwise required to be disclosed is withheld for any reason, defense counsel shall (a) obtain a complete copy of any such document and retain the document in counsel's office until the conclusion of litigation, and (b) serve a log in conformity with Fed. R. Civ. P. 26(b)(5) identifying any withheld document and the grounds upon which it has been withheld.

that date to the party who served it, with notice that no further response will be provided, pursuant to this Order. As to any other types of written discovery demands served during the first 60 days following the date of this Order, the opposing party need not serve a response until 60 days after the date of this Order, or 30 days after service, whichever date is later.

   **4. Continuing Duty.** All parties are reminded that they have a continuing duty to disclose to opposing parties any documents and information within the scope of this Order which are discovered or obtained after any initial disclosures under this Order are made.

 **B. Copies.** Plaintiff(s) and defendant(s) shall send the documents and materials identified in paragraphs 1 and 2 above to the opposing party by mail within the time specified in this order. If, however, the total number of pages of the copies being produced by either plaintiff(s) or defendant(s) exceeds 300, the producing party may make such documents available to the discovering party for inspection upon reasonable notice. If, after such inspection, the discovering party wishes to obtain copies of any such documents, copies of the first 300 pages requested shall be provided at the expense of the producing party. Any pages in excess of 300 shall be produced only upon the prepayment by the discovering party of the costs of reproduction of any pages beyond 300 at the rate of $.25 per page.

 **C. Medical and Mental Health Records.**

   **1.** If the documents which defendant(s) are required to produce in paragraph I(A)(2) above include a plaintiff's "protected health information" within the scope of the Federal Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191

("HIPAA") and 45 C.F.R. §§ 160.103 and 164.512(e)(1)(I), and/or New York Mental Hygiene Law § 33.13, the custodians of such medical records are hereby authorized to release "protected health information" and "protected mental health information" without an authorization from plaintiff(s) for the purpose of providing copies to plaintiff(s). Defendant(s) may use such documents in the defense of this action. Any such documents filed with the Court during the litigation of this action shall be filed electronically using the "medical records filed" function of CM/ECF.[2]

      **2.**  If the documents which defendant(s) are required to produce in paragraph I(A)(2) above include a plaintiff's "protected health information" within the scope of HIPAA and 45 C.F.R. §§ 160.103 and 164.512(e)(1)(I), and/or New York Mental Hygiene Law § 33.13, and such records are in the care, custody and control of the New York State Office of Mental Health ("OMH"), and the records relate to the claims or defenses of the case, the Court hereby finds that the interests of justice significantly outweigh the need for confidentiality and orders that such records be disclosed to the defendant(s) for use in the defense of this action and for disclosure to the plaintiff. However, upon a finding by OMH, pursuant to section 33.16(b) and (c) of the Mental Hygiene Law, that disclosure of the records can be reasonably expected to cause substantial and identifiable harm to the patient or client or others which would outweigh the plaintiff's right of access to the records, such records or portion thereof may be redacted by OMH prior to disclosure.[3] Any party may object to the redaction(s), and if OMH and the

---

    [2] Documents may be sealed only if the requirements are met which are set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

    [3] If an entire document is redacted, OMH shall prepare and disclose to the parties a

parties are not able to resolve the objections, the issue may then be referred to the Court for resolution.

    **D. Deposition of Plaintiff(s).** The defendant(s) are granted leave to take the deposition of plaintiff(s) pursuant to Fed. R. Civ. P. 30(a)(2)(B). Defense counsel shall provide plaintiff(s) with notice of the date of the deposition in the form provided in Rule 30(b)(1) and such notice shall be deemed sufficient if the notice is mailed to plaintiff(s) at least fifteen (15) days prior to the scheduled date for the deposition. The deposition may not commence until at least fifteen (15) days after defense counsel has filed a notice of compliance with the discovery mandated in paragraph I(A)(2) above.[4] **PLAINTIFF(S) SHALL TAKE NOTICE that** disagreement with any directive of security staff at the correctional facility at which the deposition is scheduled is not a ground on which plaintiff(s) may refuse to answer appropriate questions. The failure of the plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37. Objections made in good faith in accordance with governing rules are not prohibited.

**II. Schedule and Deadlines**

    **A. Joinder of Parties/Amendment of Pleadings.** Any application to join parties or amend pleadings shall be filed on or before **July 30, 2021.**

    **B. Discovery.** All discovery shall be completed on or before **September 30, 2021**.[5]

---

privilege log sufficient to allow a challenge to the redaction.

    [4] The notice may take the form of a copy of any cover letter (without attachments) or a notice that the disclosures required herein have been provided.

    [5] The parties are reminded that this discovery deadline represents the latest date upon which discovery responses may be due and, accordingly, any written discovery requests must be

**C. Dispositive Motions.** All dispositive motions, such as motions seeking summary judgment, shall be filed and served on or before **November 30, 2021**.[6]   Answering affidavits and opposition memoranda shall be filed and served no later than 21 days after service of the motion.   The moving party must file and serve its reply papers, if any, which many not exceed (10) pages in length, no more than 7 days after service of the response papers.   All motions will be taken on submission without oral argument unless otherwise ordered by the Court. **MOTIONS THAT ARE NOT TIMELY FILED MAY BE DENIED AS UNTIMELY.**

**D. Exhaustion Hearing.**   If defendant(s) intend to pursue an affirmative defense based on plaintiff's alleged failure to exhaust administrative remedies at trial or at a separate evidentiary hearing before the court, pursuant to *Messa v. Goord*, 652 F.3d 305 (2d Cir. 2011), defense counsel shall so advise the assigned judge(s) in writing within seven (7) days of the final resolution of any summary judgment motion, or if no summary judgment motion is filed by defendant(s), by the deadline for filing of dispositive motions. The court will then address with the parties how and when any factual issues regarding exhaustion will be addressed.

**E. Extensions.** The above deadlines are firm and will not be extended by the Court except upon application to the Court with a showing of good cause.

### III. Consent

---

served sufficiently in advance of this date to ensure compliance with this requirement. *See* N.D.N.Y.L.R. 16.2.

[6]   The Court's rules require that any motion to compel discovery in the case be filed not later than **fourteen (14) days after the deadline for completing discovery**, as set forth in this Order or otherwise extended by the Court. *See* N.D.N.Y.L. 37.1, 16.2; *see also* Fed. R. Civ. P. 6(a)(2).

If a party chooses to have all further proceedings in this matter conducted by a United States Magistrate Judge, the party or the party's attorney must sign the attached consent form and mail it to the Clerk. If all parties consent and the assigned District Judge concurs, all further proceedings, including the trial, will be conducted by a Magistrate Judge. 28 U.S.C. § 636(c). If all parties do not consent, the Magistrate Judge will consider all pretrial matters and then return the case to the District Judge's trial calendar.

**IT IS SO ORDERED.**

Dated: March 31, 2021

_____
**Thérèse Wiley Dancks**
**U.S. Magistrate Judge**

# Attachment A

The discovery ordered in paragraph I(A)(2) of the Mandatory Pretrial Discovery and Scheduling Order shall in all cases include relevant reports of completed investigations by a defendant's employer such as DOCCS or others (*e.g.*, an Inspector General or the New York State Commission of Correction) as well as the following documents and materials for the following types of claims:

**1. <u>Excessive Force and Failure to Protect</u>.** Photographs;[1] unusual incident reports; use-of-force reports; disciplinary charges; records (including transcripts) of disciplinary hearings; determinations of disciplinary charges and appeals therefrom; videotapes and/or audiotapes,[2] and medical records[3] concerning treatment for any injuries allegedly received by the plaintiff as the result of the incident(s) alleged in the complaint.

---

[1] Photographs of facility staff and personnel which are included in any report otherwise subject to this Order may be made available for inspection by plaintiff(s), but plaintiff(s) need not be provided with copies of any photographs during discovery unless otherwise ordered by the Court. If either plaintiff(s) or defendant(s) intend to use a photograph as evidence at trial, a copy of such photograph shall be provided to trial counsel for plaintiff(s) at least seven days in advance of trial. Any such photograph shall not be copied by plaintiff(s) and shall be returned to counsel for defendant(s) after trial.

[2] Copies of videotapes and audiotapes need not be provided to a plaintiff as long as defendant(s) provide a plaintiff with reasonable opportunities to review a videotape or audiotape and the videotape or audiotape is preserved by defense counsel for use by any party throughout the case.

[3] Pursuant to paragraph I(C) of this Order, a defendant's employer, if a public entity such as DOCCS, and its employees, agents, and representatives are hereby authorized to release a plaintiff's "protected health information" within the scope of the Federal Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191 ("HIPAA") and 45 C.F.R. §§ 160.103 and 164.512(e)(1)(I), and/or New York Mental Hygiene Law § 33.13, without additional authorization from the plaintiff.

**2. Due Process and First Amendment/Retaliation.** Disciplinary charges, records (including transcripts and audiotapes[4]) of disciplinary hearings, and determinations of disciplinary charges and appeals therefrom.

**3. Medical Indifference.** Medical records[5] related to the condition(s) alleged in the complaint from the date alleged in the complaint that the condition(s) arose to the date of the filing of the complaint.

**4. Conditions of Confinement.** Documents and records regarding the condition(s) alleged in the complaint.

---

[4]  *See* note 2 supra.

[5]  *See* note 3 supra.

**NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE
TO EXERCISE OF JURISDICTION**

In accordance with the provisions of 28 U.S.C. Section 636(c), you are hereby notified that a United States Magistrate Judge of this district court is available to exercise the court's jurisdiction and to conduct any or all proceedings in this case including a jury or non-jury trial, and entry of a final judgment.   Exercise of this jurisdiction by a Magistrate Judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.   If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

Your opportunity to have your case disposed of by a magistrate judge is subject to the calendar requirements of the court. Accordingly, the district judge to whom your case is assigned must approve the reference of the case to a magistrate judge for disposition.

In accordance with 28 U.S.C. § 636(c), an appeal from a judgment entered by a magistrate judge will be taken to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a District Court.

Copies of the consent form are available from the Clerk of the Court.

**\*\*ATTACHED FOR YOUR CONSIDERATION IS A BLANK CONSENT FORM\*\***

| | | |
|---|---|---|
| LANDO, | : | |
| | : | **CONSENT TO JURISDICTION BY** |
| Plaintiff, | : | **A UNITED STATES MAGISTRATE** |
| | : | **JUDGE AND ORDER OF REFERENCE** |
| v. | : | |
| | : | 9:18-cv-1472   (TJM/TWD) |
| | : | |
| CLAUDIO, et al., | : | |
| Defendants. | : | |

CONSENT TO EXERCISE OF JURISDICTION
BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. Section 636(c), and Fed. R. Civ. P. 73, the undersigned party or parties to the above captioned civil matter hereby voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Any appeal to the final judgment will be taken directly to the Court of Appeals for the Second Circuit.

| Signatures | Party(ies) Represented | Date |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**(ATTACH ADDITIONAL SIGNATURE PAGE IF NECESSARY)**

ORDER OF REFERENCE

**IT IS HEREBY ORDERED** that the above captioned matter be referred to the Honorable            ,United States Magistrate Judge, for all further proceedings and the entry of judgment in accordance with 28 U.S.C. Section 636(c), and the consent of the parties.

| | |
|---|---|
| Date | United States District Judge |

**Note - RETURN THIS FORM TO THE CLERK**