

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

Writer Direct: (518) 776-2641

February 23, 2022

Hon. Thérèse Wiley Dancks
U.S. District Court, N.D.N.Y.
100 S. Clinton Street
Syracuse, NY 13261

Re:  *Lando v. Claudio, et al*
 18-cv-01472 (TJM/TWD)

Dear Judge Dancks:

    I write pursuant to this Court's Text Order to Show Cause (dkt. 111) to request the Court dismiss this action for Plaintiff's (1) failure to prosecute, (2) failure to follow Court Orders and directives, and (3) failure to update his address.

    As the Court's Text Order to Show Cause recognized, Plaintiff last communicated to the Court on October 15, 2021 to provide an updated address.  Dkt. 111 (citing dkt. 95).  Plaintiff has not communicated with me since that date.  Plaintiff failed to attend his properly-noticed deposition on November 23, 2021.  *See* dkt. 105.  I called Plaintiff at each of his three different known telephone numbers on the morning of Plaintiff's noticed deposition, but I could not reach Plaintiff.  *Id.*  Since then, the Court has sent mail to Plaintiff on multiple occasions at the last address he provided as well as a forwarding address provided by the U.S. Postal Service, but the mail is consistently returned to the Court unopened.  *See* dkts. 107, 108, 109, 110, 112, 113.

Local Rule 10.1(c)(2) states, in pertinent part:

> **All attorneys of record and pro se litigants must immediately notify the Court of any change of address**. Parties must file the notice of change of address with the Clerk and serve the same on all other parties to the action. The notice must identify each and every action to which the notice shall apply. In addition, the notice shall be clearly entitled, "<u>Notice of Change of Address</u>."

N.D.N.Y. Local R. 10.1(c)(2) (underline and bolding in original).  Further, Local Rule 41.2(b) states that "[f]ailure to notify the Court of a change of address in accordance with Local R. 10.1(c)(2) may result in the dismissal of any pending action." N.D.N.Y. Local R. 41.2(b).

The Court has apprised Plaintiff of his obligation to keep his address updated.  *See* dkt. 7 at 14–15.  Plaintiff demonstrated his awareness of the necessity of providing the Court with a current address by filing six changes of address in this action.  *See* dkts. 6, 65, 67, 70, 74, 95.  Yet it has now been more than four months since the Court last heard from Plaintiff.  The Court informed Plaintiff that failure to attend his deposition could result in dismissal of the action.  *See* dkt. 78 at 5.  Three months have passed since Plaintiff failed to appear for his deposition.  *See* dkt. 105.  The New York State Sex Offender Registry reflects that Plaintiff resides at the most recent address provided to the Court.  *See* https://www.criminaljustice.ny.gov/SomsSUBDirectory/search_index.jsp.  Plaintiff is no longer under any supervision of any of the Defendants in this matter.  *See* http://nysdoccslookup.doccs.ny.gov/ (indicating Plaintiff was discharged from custody on October 18, 2021 following the maximum expiration of his sentence).

Discovery in this case should have concluded nearly three months ago.  *See* dkt. 100.  Dispositive motions should have been filed weeks ago.  *See id.*  Yet Plaintiff's months-long abandonment of his claims has precluded Defendants from timely seeking summary judgment.  Plaintiff is not at the address of which he last apprised the Court—where he has a legal obligation to reside.  *See* N.Y. Corr. L. Art. 168.  Plaintiff knows that failure to keep the Court apprised of his address and to attend the deposition could result in the consequence of dismissal of the action.  See dkts. 7 at 14–15, 78 at 5.  Yet Plaintiff has still failed to meet the relatively low burden required to keep this case moving towards disposition.  Accordingly, the Court should dismiss this action for Plaintiff's (1) failure to prosecute, (2) failure to follow Court Orders and directives, and (3) failure to update his address.

Thank you for your consideration of this matter.

*Pursuant to 28 U.S.C. §1746, I declare that, on this date, I caused the plaintiff to be served with a copy of this letter request by First-Class United States Mail at the address below.*

    Very truly yours,
    s/ Jonathan S. Reiner
    Jonathan S. Reiner
    Assistant Attorney General, of Counsel
    Bar Roll No. 702645

cc:    Timothy Lando, Jr.
       2144 Rabbit Lane
       Phoenix, NY 13135