UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

TIMOTHY E. LANDO, JR.,

                                   Plaintiff,

v.                                                                          9:18-cv-01472
                                                                            (TJM/TWD)

STEVEN A. CLAUDIO, et al.,

                                   Defendants.

_____

APPEARANCES:                                        OF COUNSEL:

TIMOTHY E. LANDO, JR.
Plaintiff, *pro se*
2144 Rabbit Lane
Phoenix, NY 13135

HON. LETITIA JAMES                                  JONATHAN REINER, ESQ.
Attorney General for the State of New York          Assistant Attorney General
Counsel for Defendant
The Capitol
Albany, NY 12224

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## <u>REPORT-RECOMMENDATION AND ORDER</u>

       This matter has been referred for a Report-Recommendation by the Hon. Thomas J.

McAvoy, Senior U.S. District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

Presently before the Court is Defendants' unopposed letter motion to dismiss this action for

Plaintiff's (1) failure to prosecute, (2) failure to follow Court Orders and directives, and (3)

failure to update his address.  (Dkt. No. 114.)  For the reasons set forth below, the Court

recommends granting Defendants' motion.

## I.    PROCEEDINGS TO DATE

Plaintiff, a former inmate in the custody of the New York State Department of Corrections and Supervision ("DOCCS"), proceeding *in forma pauperis*, commenced this *pro se* prisoner civil rights action based upon 42 U.S.C. § 1983 by filing a complaint on December 20, 2018.  (Dkt. Nos. 1, 7.)  Thereafter, Plaintiff filed an amended complaint (Dkt. No. 55), and on March 31, 2021, the undersigned issued a Mandatory Pretrial Discovery and Scheduling Order, which set discovery and motion deadlines, and granted Defendants leave to conduct a deposition of Plaintiff.  (Dkt. No. 78.)  The second amended complaint, which was accepted for filing on October 22, 2021, is the operative pleading.  (Dkt. No. 99.)  Defendants answered on November 21, 2021.  (Dkt. No. 104.)  On November 2, 2021, Defendants served Plaintiff with a Notice of Deposition.  (*See* Dkt. No. 105 at 3-7.)

On November 23, 2021, Defendants submitted a letter request for a court conference.  *Id.* at 1-2.  Counsel advised that Plaintiff failed to attend his deposition on November 23, 2021, and Plaintiff could not be reached by telephone.  *Id.*

On December 1, 2021, the undersigned set a telephone status conference for December 17, 2021, and held the discovery deadlines in abeyance.  (Dkt. No. 106.)  The Court sent notice of the telephone status conference by regular mail to Plaintiff's address of record, *id.*, but the notice was returned.  (Dkt. No. 107.)  The envelope was marked with a forwarding address of 23 Volney St, Apt 1, Phoenix NY 13135.  *See id.*  The notice of the telephone conference was remailed to Plaintiff at the forwarding address, together with a notice of a change of address form.  *Id.*  That notice was also returned with the envelope marked, "return to sender- not deliverable as addressed- unable to forward".  (Dkt. No. 108.)

The telephone conference was rescheduled to January 21, 2022. (Dkt. No. 109.) That notice was mailed to Plaintiff's address of record and to the forwarding address and Plaintiff was directed to advise the Court in writing of any change of address. *Id*. On December 20, 2021, the notice mailed to Plaintiff's address on file was returned as undeliverable with the envelope marked, "forward time exp - rtrn to sender- 23 Volney St, Apt 1, Phoenix NY". (Dkt. No. 110.) Upon review of the docket, the notice mailed to the forwarding address was not returned.

Plaintiff failed to appear for the January 21, 2022, telephone conference and did not otherwise contact the Court. (*See* Text Minute Entry dated January 21, 2022.) On January 21, 2022, this Court issued the following Text Order to Show Cause:

> Court held telephone conference on 1/21/2022, however, plaintiff did not appear despite notice of the conference being sent to him at two different addresses. (*See* Dkt. No. 109.) Plaintiff's last communication with the Court, which notified the Court of his new address among other things, was received on 10/15/2021 (Dkt. No. 95), however the Court has not had any further communication from Plaintiff since then. Mail sent to the address on the docket for plaintiff and as set forth in Dkt. No. 95 has been returned as undeliverable. (*See* Dkt. Nos. 95, 107, 110.) Plaintiff also failed to appear for his duly noticed deposition. (Dkt. No. 105.) Therefore, the Court hereby Orders plaintiff to show cause, by 2/22/2022, why this action should not be dismissed for failure to prosecute, failure to follow Court Orders and directives, and failure to file a notice of change of address as required by Local Rules. Plaintiff's failure to show cause may result in sanctions including, but not limited to, dismissal of the action for failure to prosecute, failure to follow Court Orders and directives, and failure to file a notice of change of address. The deadlines of all discovery and filing of dispositive motions continue to be held in abeyance. The Clerk is directed to send a copy of this Text Order to the address on the docket for Plaintiff as well as the address indicated by the Post Office on a return envelope.

(Dkt. No. 111.) As directed, a copy of the Order to Show Cause was mailed to Plaintiff's address on file and to the forwarding address. *Id*. Both mailings were returned to the Court as undeliverable. (Dkt. No. 112, 113.)

On February 23, 2022, Defendants filed the pending motion to dismiss.  (Dkt. No. 114.)

Plaintiff was afforded until March 19, 2022, to file a response to the motion to dismiss.  (Text

Notice dated February 23, 2022.)  The notice was mailed to Plaintiff's address on file and the

forwarding address, *id*., both of which were returned as undeliverable on March 7, 2022.  (Dkt.

Nos. 115, 116.)  To date, Plaintiff has not responded to Defendants' motion to dismiss, nor has

he engaged in any activity or communication with the Court since filing a change of address on

October 15, 2021.[1]  (Dkt. No. 95.)

## II.    MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Rule 41 of the Federal Rules of Civil Procedure states that, "[i]f the plaintiff fails to

prosecute or to comply with these rules or a court order, a defendant may move to dismiss the

action or any claims against it."  Fed. R. Civ. P. 41(b).[2]  The term "these rules" refers not only to

the Federal Rules of Civil Procedure but also to the local rules of practice for a district court.  *See*

*Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).  "A dismissal under this subdivision . . .

operates as an adjudication on the merits."  *Id*.  The Second Circuit has emphasized that

"dismissal for failure to prosecute is a 'harsh remedy to be utilized only in extreme situations.'"

*U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (quoting *Minnette v.*

---

[1]  Plaintiff's letter indicated the address on file would be effective October 18, 2021.  (Dkt. No. 95.)  On October 18, 2021, Plaintiff was discharged from custody, following the maximum expiration of his sentence.  *See* http://nysdoccslookup.doccs.ny.gov (DIN 06-A-5781) (last visited Apr. 19, 2022).  According to Defendants, the New York State Sex Offender Registry reflects that Plaintiff resided at the address on file with the Court.  (*See* Dkt. No. 114 at 2.)  However, Plaintiff is not at the address of which he last apprised the Court—where he has a legal obligation to reside.  *Id*. (citing N.Y. Corr. L. Art. 168.)

[2]  Local Rule 10.1(c)(2) states that "all attorneys of record and *pro se* litigants must immediately notify the court of any change of address," and requires parties to file the notice of change with the Clerk and serve all other parties to the action.  L.R. 10.1(c)(2).  In turn, Local Rule 41.2(b) provides that "failure to notify the Court of a change of address in accordance with Rule 10.1(c)(2) may result in the dismissal of any pending action."  L.R. 41.2(b).

*Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).  A court analyzing a motion to dismiss for failure to prosecute must weigh the following five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted).  No singular factor is dispositive.  *Nita v. Connecticut Dep't of Environmental Protection*, 16 F.3d 482, 485 (2d Cir. 1994).  The Court addresses these factors in turn.

As to the duration of Plaintiff's failure to comply, Plaintiff's last communication with the Court was with the filing of a notice of change of address on October 15, 2021, more than six months ago.  (Dkt. No. 95.)  The Court notes that Local Rule 41.2(a) states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."  L.R. 41.2(a); *see also Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) (affirming dismissal where plaintiffs took no steps to move case toward trial during a six-month period).  Thus, the first factor weighs in favor of dismissal.

Second, as to whether Plaintiff was on notice, this factor also weighs in favor of dismissal.  Plaintiff was placed on notice by the Court that his failure to provide an adequate address "will result in the dismissal of his action[.]"  (Dkt. No. 7 at 14-15.)  Plaintiff demonstrated that he understood this requirement and its importance when he updated his address with the Court on six occasions.  (*See* Dkt. Nos. 6, 65, 67, 70, 74, 95.)  As detailed above, since December of 2021, all mailings to his address on file have been returned to the Court as undeliverable.  (*See* Dkt. No. 107, 110, 113, 116.)

Additionally, Plaintiff was advised that failure to attend his deposition could result in dismissal of the action. (*See* Dkt. No. 78 at 5.) Plaintiff has also failed to communicate requested information to the Court regarding this action when explicitly directed to do so and was warned that his failure to show cause may result in sanctions including dismissal of the action for failure to prosecute, failure to follow Court Orders and directives, and failure to file a notice of change of address. (*See* Dkt. No. 111.) *See also Nolan v. Primagency, Inc.*, No. 07 Civ. 134, 2008 U.S. Dist. LEXIS 31268, at *10, 2008 WL 1758644, at *3 (S.D.N.Y. Apr. 16, 2008) ("The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met.") (citing *Shannon v. General Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999)). Thus, Plaintiff was on notice that failure to follow Court orders or otherwise participate in this action could result in dismissal.

With respect to prejudice, this action has been pending for more than three years and very little progress, if any, has been made due to Plaintiff's lack of communication and failure to appear for his deposition. Thus, this factor weighs in favor of dismissal. *See Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-CV-9311, 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) (finding that the inability to depose the plaintiff "makes it difficult, if not impossible [for the defendants] to defend the lawsuit" and weighs in favor of Rule 41(b) dismissal); *see also Georgiadis v. The First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade."); *Caussade v. U.S.*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) ("Where a Plaintiff has become inaccessible for months at a time, courts presume prejudice.") (citations omitted).

The fourth factor addresses the balance between the Court's interest in functioning efficiently, and Plaintiff's interest in having an opportunity to be heard. *See Lucas*, 84 F.3d at 535 (internal citations omitted). Given the age of this case, the undersigned concludes that "[p]laintiff's continu[ed] failure to comply with court orders [or] participate in discovery has significantly delayed the resolution of this matter, thereby contributing to the Court's congestion." *Perez v. Wallace*, No. 1:15-CV-240 (GTS/CFH), 2016 WL 2865737, at *3 (N.D.N.Y. Apr. 11, 2016). Thus, this factor also weighs in favor of dismissal.

Finally, the Court must consider whether a lesser sanction than dismissal would be appropriate. *See Lucas*, 84 F.3d at 535 (internal citations omitted). The undersigned is cognizant of Plaintiff's *pro se* status; however, sanctions less extreme than dismissal will not be effective in this case. *See, e.g.*, *Flynn v. Ward*, 9:15-CV-1028 (BKS/CFH), 2019 WL 2085986, at *2 (N.D.N.Y. May 13, 2019) (noting that lesser sanctions were unlikely to be successful where the plaintiff did not update the Court with an address and the Court "currently has no way of contacting [the] [p]laintiff.").

Mindful of the principles of law set forth herein, the undersigned determines that dismissal is appropriate. Plaintiff's failure to communicate with Defendants and the Court since October 15, 2021, establishes his intent to abandon this action. Moreover, his complete inactivity and disregard of the Court's notices and orders demonstrates that there is no meaningful way to secure Plaintiff's appearance before the Court to litigate this action. *See McKnight v. J. Ferrick, et al.*, No. 9:16-CV-0957 (TJM/DEP), 2017 WL 3172794, at *3 (N.D.N.Y. June 30, 2017) ("[P]laintiff's failure to communicate, which by now is nearly six months, weighs in favor of dismissal . . . [a]lthough the length of plaintiff's delay to date is not exceedingly long, there is no indication of an end to his inactivity."). Here, given Plaintiff's

apparent abandonment and his ongoing refusal to comply, despite being warned of the consequences, the undersigned finds that imposition of any lesser sanction would not motivate Plaintiff to litigate this action.  As such, this factor weighs in favor of dismissal.

Notwithstanding, considering Plaintiff's *pro se* status, it is recommended that the dismissal of the action be without prejudice.  *See Cintron v. Gottman*, No. 9:15-CV-0542 (BKS/TWD), 2017 WL 2303604, at *4 (N.D.N.Y. May 1, 2017) (recommending dismissal of the plaintiff's action be without prejudice for failure to appear for two scheduled depositions); *Perkins v. Rock*, No. 9:12-CV-0459 (LEK/RFT), 2014 WL 4988224, at *4 (N.D.N.Y. Oct. 7, 2014) (recommending dismissal of the plaintiff's action for failure to prosecute be without prejudice); *Jones v. Hawthorne*, No. 9:12-CV-1745 (GTS/RFT), 2014 WL 2533166, at *3 (N.D.N.Y. June 5, 2014) (same).

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED** that Defendants' letter motion (Dkt. No. 114) requesting dismissal of this action for Plaintiff's failure to prosecute, failure to follow Court Orders and directives, and failure to update his address be **GRANTED**; and it is further

**RECOMMENDED** that Plaintiff's second amended complaint (Dkt. No. 99) be **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with the Local Rules, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2008) (per curiam), and it is further

**ORDERED** that the Clerk of the Court mail a courtesy copy of this Report-Recommendation and Order to Plaintiff at the forwarding address provided by the U.S. Postal Service.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[3]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:  April 21, 2022
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[3]  If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

Nolan v. Primagency, Inc., Not Reported in F.Supp.2d (2008)

2008 WL 1758644, 70 Fed.R.Serv.3d 397

KeyCite Yellow Flag - Negative Treatment

Distinguished by Keitt v. Doe,   W.D.N.Y.,   December 5, 2013

2008 WL 1758644

United States District Court,

S.D. New York.

John NOLAN, Plaintiff,

v.

PRIMAGENCY, INC. et al., Defendants.

No. 07 Civ. 134(RJS).

|

April 16, 2008.

*MEMORANDUM AND ORDER*

RICHARD J. SULLIVAN, District Judge.

**\*1** On January 31, 2008, this Court issued an Order to Show Cause (the "OSC") *sua sponte,* directing counsel for plaintiff John Nolan, Mr. Louis A. Piccone, Esq., and counsel for defendants Primagency, Inc., Steven Lebetkin, and Conrad J. Isoldi ("Defendants"), Mr. Neil R. Flaum, Esq., to show cause why this case should not be dismissed and/or why sanctions and a finding of civil contempt on Mr. Piccone and/or Mr. Flaum should not issue given the failure of plaintiff to diligently prosecute this case, and the failure of the parties to follow Court orders. After counsel for plaintiff failed to appear on the return date of the OSC, the Court issued an order on March 3, 2008 imposing sanctions on the parties, but declining to dismiss the case, provided that the parties complied with the directives contained in that order. *See Nolan v. Primagency, Inc.,* No. 07 Civ. 134(RJS), 2008 WL 650387 (S .D.N.Y. Mar. 3, 2008) ("*Nolan I*"). Plaintiff failed to comply with that order in each and every respect. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b), this action is dismissed with prejudice.

## I. BACKGROUND

The Court presumes the parties' familiarity with the facts relevant to this Order, which are recounted in detail in the OSC, as well as prior orders and transcripts in this matter, including *Nolan I.* However, certain facts post-date those orders and are recounted here.

The Court in *Nolan I* imposed civil contempt sanctions on Mr. Piccone and Mr. Flaum, in the amounts of $750.00 and $200.00, respectively. *See Nolan I* at \*1-4. *Nolan I* also included the following directives:

> Additionally, Mr. Piccone has until March 17, 2008, to comply with the Court's November 1, 2008 and January 3, 2008 orders. This means that by March 17, 2008, Mr. Piccone must (1) properly file the Amended Complaint via the Court's electronic case system ("ECF"); (2) submit a courtesy copy of the Amended Complaint to chambers in accordance with the Individual Practices of the undersigned; (3) confer with Defendants' counsel, Mr. Flaum, regarding a joint proposed Case Management Plan; (4) submit a proposed Plan to the Court by hand delivery, email, or regular mail, provided that it reaches chambers by March 17, 2008; and (5) submit a joint status letter, along with Mr. Flaum, outlining what, if anything, has transpired in this case since the November 1, 2007 conference. Mr. Piccone is also directed to forward a copy of this order to his client, plaintiff John Nolan and file proof of service electronically with the Court .... ***Failure to comply with this Order in any respect shall result in dismissal of this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.***

*Nolan I,* 2008 WL 650387 at \*3 (emphasis added). With regard to Mr. Flaum, *Nolan I* contained the following directives:

> In addition, Mr. Flaum is given a limited amount of time in which to comply with past orders. This means that Mr. Flaum must (1) properly

file an answer to the Amended Complaint via the Court's ECF system by April 7, 2008, assuming, of course, that the Amended Complaint has been filed as of March 17, 2008; (2) submit a courtesy copy of the Answer to chambers in accordance with the Individual Practices of the undersigned; (3) confer with Plaintiff's counsel, Mr. Piccone, regarding a joint proposed Case Management Plan; (4) submit a proposed Plan to the Court by hand delivery, email, or regular mail, provided that it reaches chambers by March 17, 2008; and (5) submit a joint status letter, along with Mr. Piccone, no later than March 17, 2008, outlining what, if anything, has transpired in this case since the November 1, 2007 conference. If for some reason a joint letter is not possible, Mr. Flaum shall submit a status letter to the Court by March 17, 2008 explaining why the submission of a joint letter was not possible. Additionally, Mr. Flaum shall be present at the conference on Tuesday, April 8, 2008 at 10:30 a.m., and is also directed to forward a copy of this Order to his clients and file proof of service electronically with the Court. Failure to strictly comply with this order shall result in further sanctions.

**\*2** *Id.* at \*4. The Court in *Nolan I* stated three separate times that the case would be dismissed if plaintiff failed to comply with any of these directives. *Id.* at \*1-5.

Incredibly, as of April 8, 2008, as noted in the record on that day's conference, **the parties collectively had failed to comply with even one of the directives contained in *Nolan I.*** (*See* Apr. 8 Tr. at 3.) Mr. Piccone admitted on the record that he had not complied with any of the directives in *Nolan I,* and that his failure to comply with *Nolan I* was due to personal issues that the Court does not recount here but are referenced, at least in part, in the transcript of the April 8, 2008 telephone conference. [1] (*See id.* at 3-4.) Mr. Flaum noted that although he had also "missed the boat" (*id.* at 8), he sent in payment

of the $200.00 sanction on April 7, 2008 and filed the status letter that day (*see id.*), 21 days after the deadline contained in *Nolan I*. [2] It is unclear whether Mr. Flaum ever forwarded a copy of *Nolan I* to his clients as directed, but it is certainly clear from the docket sheet in this case that Mr. Flaum failed to file the required proof of service. *See Nolan I,* 2008 WL 650387, at \*4.

1    Mr. Piccone asserted on the record at the April 8, 2008 conference that he had in fact filed the amended complaint in November, 2007, and that he could submit proof demonstrating this fact. (*See* Transcript of April 8, 2008 Conference ("Apr. 8 Tr.") at 5-7.) While it may be true that Mr. Piccone did technically file a hard copy of the amended complaint in this matter, the amended complaint was never *properly* filed on ECF, because he never emailed the amended complaint to case_openings@nysd . uscourts.gov, pursuant to ECF procedure. As a result of his failure to do so, the amended complaint is not available on ECF. This is exactly what the Court sought to ameliorate when it ordered Mr. Piccone to "properly file" the amended complaint on ECF. *See Nolan I,* 2008 WL 650387, at \*3. In any event, regardless of the extent of Mr. Piccone's non-compliance with this portion of *Nolan I,* this dismissal is based on plaintiff's counsel's failure to follow numerous other directives, as outlined in this and prior orders.

2    A letter from Mr. Flaum addressed to the Court and dated April 7, 2008 was received in Chambers on April 9, 2008, and contained a check payable to the Clerk of the Court in the amount of $200.00. That check was tendered to the cashier in the Clerk's office on April 9, 2008.

## II. DISCUSSION

### A. Legal Standard for Dismissal Pursuant to Rule 41(b)

Rule 41(b) expressly authorizes involuntarily dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed.R.Civ.P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001). The "primary rationale" for dismissal pursuant to Rule 41(b) is "the failure of plaintiff in his duty to process his case diligently." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d

2008 WL 1758644, 70 Fed.R.Serv.3d 397

37, 43 (2d Cir.1982). Dismissal pursuant to Rule 41(b) is committed to the discretion of the district court, and may be imposed *sua sponte*. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 633 (1962); *LeSane,* 239 F.3d at 209. Rule 41(b) provides that such a dismissal "operates as an adjudication on the merits" unless the dismissal order states otherwise. *See Lyell Theatre,* 682 F.2d at 42-43.

Dismissal is an extreme and "harsh" remedy only to be imposed in the most "extreme" situations, and the Court must consider the entire record in deciding whether dismissal is appropriate. *See Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996); *Minnette v. Time Warner,* 997 F.2d 1023, 1027 (2d Cir.1993). However, in appropriate cases, dismissal must be available, "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976). While dismissal based on the actions of a party's attorney may have serious consequences for the represented party, the Supreme Court has recognized that "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." *Link,* 370 U.S. at 633.

**\*3** The Second Circuit has instructed that a district court weighing dismissal of a case pursuant to Rule 41(b) should employ a balancing test, considering the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiffs interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas,* 84 F.3d at 535 (2d Cir.1996); *see also United States* ex rel. *Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir.2004). Generally, no one factor is dispositive. *Shannon v.*

*Gen. Elec. Co.,* 186 F.3d 186, 194 (2d Cir.1999) (citing *Nita v. Conn. Dep't of Envtl. Prot.,* 16 F.3d 482, 485 (2d Cir.1994)).

## B. Analysis

Weighing all of the above factors, the Court dismisses this case with prejudice pursuant to Rule 41(b).

### 1. Duration

The first element of the balancing test, the duration of plaintiffs failures, requires that the court consider "(1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration." *Martens v. Thomann,* 273 F.3d 159, 180 (2d Cir.2001) (citing *Spencer v. Doe,* 139 F.3d 107, 113 (2d Cir.1998)); *see also United States* ex rel. *Drake,* 375 F.3d at 255. The court must also consider whether any of the delays are attributable to the defendant. *See Jackson v. City of New York,* 22 F.3d 71, 75 (2d Cir.1994).

Here, while the various failures to follow court orders can be attributed to both parties, plaintiff is primarily to blame for the fact that this case has not advanced in more than six months. *See Nolan I,* 2008 WL 650387, at \*5. This period of delay is particularly significant given that, during that time, the action did not merely lie dormant, but the parties ignored and disobeyed multiple court orders designed to move the case along. The six-month period at issue here thus is of sufficient duration to weigh in favor of dismissal. *See Lyell Theatre Corp.,* 682 F.2d at 42-43 (noting that Rule 41 dismissal may be warranted "after merely a matter of months").

### 2. Notice

The second element to be considered is whether the plaintiff was on notice that further delay would result in dismissal of the case. *See Lucas,* 84 F.3d at 535 (2d Cir.1996). The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met. *See Shannon,* 186 F .3d at 194-95.

The notice element strongly weighs in favor of dismissal of this case. Plaintiff was given notice of the Court's intent to

dismiss the action in *Nolan I,* which stated *three times* that the action would be dismissed in the event of the plaintiffs failure to comply with its directives. *See Nolan I,* 2008 WL 650387, at *1-5. In addition, the OSC gave both parties an opportunity to submit papers and to appear in Court to contest dismissal. Plaintiff failed to submit papers in response to the OSC, or to appear on the return date, and failed to follow even one of the directives in *Nolan I.* Furthermore, the parties had previously been warned that the Court would consider sanctioning the parties for failure to comply with Court orders. (*See* Jan. 2, 2008 Order.) Finally, plaintiff himself appeared at the January 30, 2008 conference before the Court, and was informed of the Court's intention to issue the OSC and consider dismissing the case absent further action. (*See* Jan. 30, 2008 Tr. at 3-5.) Thus, because it is abundantly clear that the Court gave plaintiff notice of the impending dismissal of the case, the second element weighs in favor of dismissal.

### 3. Prejudice

**\*4** The third element requires that the Court consider the prejudice of further delay to the defendant. *See Lucas,* 84 F.3d at 535 (2d Cir.1996). Where the delay is unreasonable, prejudice may be presumed as a matter of law. *Shannon,* 186 F.3d at 195 (citing *Lyell Theatre,* 682 F.2d at 43). This is generally because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." *Id.* However, "in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Lyell Theatre,* 682 F.2d at 43. "Although a court cannot deny a plaintiff the right to be heard in the interest of avoiding docket congestion, where a plaintiff could have avoided dismissal 'there can be no claim by plaintiff that [its] due process rights have been denied.' " *Jacobs v. County of Westchester,* No. 99 Civ. 4976(WCC), 2008 WL 199469, at *6 (S.D.N.Y. Jan. 22, 2008) (quoting *Europacific Asset Mgmt. Corp. v. Tradescape Corp.,* 233 F.R.D. 344, 354 (S.D.N.Y.2005) (alteration in original)).

Defendants' counsel is to blame for at least some of the delay in this matter. Because of this, and because only six months have passed, the Court will not presume prejudice. While it is demonstrably unreasonable to fail to comply with court orders for six months, the unreasonable delay present in other cases in which courts presumed prejudice is absent here. *See Shannon,* 186 F.3d at 195 (finding presumption of prejudice because events at issue in lawsuit had taken

place over a decade earlier); *Peart v. City of New York,* 992 F.2d 458, 462 (2d Cir.1993) (citing potential for witness recollection to diminish or witness unavailability as the reason for a presumption of prejudice due to unreasonable delay); *Dodson,* 957 F.Supp. at 470 (S.D.N.Y.1997) (holding that dismissal was appropriate after a five-year delay because the court can presume that witnesses' "memories have faded" when eleven years have passed since the events giving rise to plaintiffs cause of action). Thus, the Court finds that the prejudice factor does not weigh in favor of dismissal.

### 4. Balancing the Court's and Plaintiff's Interests

With respect to the fourth element, the balancing of the court's interests and the plaintiff's right to a fair adjudication on the merits, the Second Circuit has instructed that "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas,* 84 F.3d at 535-36. As such, the plaintiff's failure to prosecute must be "vexatious and burdensome" on the Court's ability to manage its docket, as opposed to being merely "silent and unobtrusive." *LeSane,* 239 F.3d at 210.

Plaintiff's right to an opportunity to be heard is not taken lightly by this Court. However, this action has been pending for over a year, and there has been no significant progress of any kind for six months. During that time, this Court has issued six separate orders relating to the parties' various failures, and held three conferences relating to the parties' inability to advance the case. While the Court is less knowledge of what transpired prior to this action being reassigned to the undersigned on September 4, 2007, the parties' ongoing failure to comply with orders of this Court has taken up a grossly disproportionate amount of the Court's time since October, 2007. Plaintiff's duty to prosecute the case diligently "is designed to achieve 'fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources....' " *Dodson,* 957 F.Supp. at 470 (quoting *Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 668 (2d Cir.1980)). As such, the Court finds that plaintiff's failures have been "vexatious and burdensome" and accordingly, the fourth element weighs in favor of dismissal.

### 5. Efficacy of Lesser Sanctions

**\*5** Finally, the fifth element looks to whether the Court has adequately considered remedies other than dismissal. "It is clear that a district judge should employ the remedy of dismissal 'only when he is sure of the impotence of lesser sanctions.' " *Dodson,* 86 F.3d at 39 (citing *Chira,* 634 F.2d at 665). "In deciding on the suitability of lesser sanctions, and whether the sanctions should be aimed primarily against the party or the attorney, it can be important for the district court to assess the relative roles of attorney and client in causing the delay...." *Id.* at 40. "[T]he more the delay was occasioned by the lawyer's disregard of his obligation toward his client, the more this factor argues in favor of a less drastic sanction imposed directly on the lawyer." *Id.* However, this Court must be guided by the Supreme Court's pronouncement that "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link,* 370 U.S. at 633-34.

Although it is without question that plaintiff's failures in this case are solely attributable to his counsel, Mr. Piccone, plaintiff himself was on notice of Mr. Piccone's shortcomings up to and including his failure to appear on January 30, 2008. Nevertheless, as of the April 8, 2008 telephone conference, Mr. Piccone was still the counsel of record in this matter. Plaintiff voluntarily chose Mr. Piccone to represent him in this action. Thus, while dismissal is an unfortunate result for plaintiff, it is not an unjust result. *See Link,* 370 U.S. at 633-34.

As to the consideration of lesser sanctions, this factor clearly weighs in favor of dismissal. As reflected in the record of this case, the Court has given plaintiff numerous opportunities to be heard in relation to his failure to follow court orders. Prior admonishments and warnings have been wholly ineffective. Indeed, the Court previously issued a civil contempt sanction against Mr. Piccone in the amount of $750.00 in order to induce his compliance with future orders. *See Nolan I,* 2008 WL 650387 at \*3. As of the date of this Order, that sanction has not been paid. Moreover, as noted above, counsel has not complied with *any* of the directives contained in *Nolan I.* As such, and based on the record in this case, the Court is convinced that lesser sanctions will have no impact on

plaintiff's, or his counsel's, conduct or compliance with this court's orders.

As four of the five elements favor dismissal under Rule 41(b), the Court finds that dismissal is appropriate, and this case is accordingly dismissed with prejudice pursuant to Rule 41(b). While the Court is sympathetic to the personal issues encountered by plaintiffs counsel over the past few months, as alluded to by Mr. Piccone during the April 8, 2008 telephone conference, that fact does not alleviate Mr. Piccone's duties to the Court and his client. A simple letter to the Court explaining his plight could have resulted in the extension of deadlines, a short stay of the action, or other relief, including obtaining new counsel for plaintiff. Mr. Piccone has made no showing that he was unable to contact the Court during the time that he was preoccupied with personal matters. The Court recognizes that dismissal of this case with prejudice may have the result of denying plaintiff any relief that he might have obtained on his claims. However, plaintiff is responsible for his choice of counsel, and did not choose at any point, even after being advised of Mr. Piccone's failures, to replace him as counsel. *See Lastra v. Weil, Gotshal & Manges LLP,* No. 03 Civ. 8756(RJH)(RLE), 2005 WL 551996, at \*4 (S.D.N.Y. Mar. 8, 2005) ("Claims by a litigant that he should be excused from his attorney's actions because of alleged fraudulent conduct and disobeyance of the litigant's orders may give rise to a claim for malpractice, but does not constitute an extraordinary circumstance or excusable neglect.")

## III. CONCLUSION

**\*6** For the foregoing reasons, this action is DISMISSED with prejudice pursuant to Rule 41(b). The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2008 WL 1758644, 70 Fed.R.Serv.3d 397

---

**End of Document**  © 2022 Thomson Reuters. No claim to original U.S. Government Works.

Case 9:18-cv-01472-TJM-TWD    Document 117    Filed 04/21/22    Page 15 of 38
Antonios A. Alevizopoulos and Associates, Inc. v. Comcast..., Not Reported in...
2000 WL 1677984

2000 WL 1677984
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

ANTONIOS A. ALEVIZOPOULOS
AND ASSOCIATES, INC. and Peter
Amoruso and Associates, Inc., Plaintiffs,

v.

COMCAST INTERNATIONAL HOLDINGS,
INC., Comcast Corporation, Guilherme DeSouza
Villares and Elaine Marie Cortez Gonin, Defendants.

No. 99 Civ. 9311 SAS.
|
Nov. 8, 2000.

**Attorneys and Law Firms**

Allan A. Joseph, Hall, David and Joseph, P.A., Miami, Florida, for Plaintiffs.

James L. Kerr, Gregory G. Ballard, D. Scott Wise, Davis Polk & Wardwell, New York, New York, for Defendants Comcast International Holdings, Inc. and Comcast Corporation.

*OPINION AND ORDER*

SCHEINDLIN, J.

**\*1** Antonios A. Alevizopoulos and Associates, Inc. ("Alevizopoulos") and Peter Amoruso and Associates, Inc. ("Amoruso") have sued Comcast International Holdings, Inc. and Comcast Corporation (collectively "Comcast") alleging tortious interference with contract and conspiracy to breach fiduciary duty. Alevizopoulos and Comcast have settled their dispute and Alevizopoulos' claims against Comcast have been dismissed with prejudice. *See* 10/27/00 Stipulation of Dismissal with Prejudice. Comcast now moves to dismiss Amoruso's claims pursuant to Federal Rules of Civil Procedure 41(b), 16(f), 37(b)(2), and 37(d). For the following reasons, Amoruso's Complaint against all defendants is dismissed.

I. Background
The background of this case is largely set forth in *Antonios A. Alevizopoulos and Assocs., Inc. v. Comcast Int'l Holdings,*

*Inc.,* 100 F.Supp.2d 178, 180-82 (S.D.N.Y.2000). Only the facts relevant to this motion will be reviewed.

This action was removed from New York State Supreme Court on August 30, 1999. In a Scheduling Order dated March 22, 2000, the Court ordered that depositions be concluded by July 7, 2000, and that discovery be completed by October 2, 2000. *See* 9/27/00 Affidavit of Gregory G. Ballard, counsel for Comcast, in Support of Dismissal ("Ballard Aff.") ¶ 2; 3/22/00 Scheduling Order, Ex. A to Ballard Aff., at 1-2. On June 6, 2000, Comcast noticed the deposition of Peter Amoruso for June 21, 2000. *See* Ballard Aff. ¶ 3. Plaintiffs neither objected to this date nor moved for a protective order. *See id.* ¶ 4. Mr. Amoruso never appeared for the deposition. *See id.* ¶ 5.

During a status conference held on September 12, 2000, Comcast raised two significant concerns: (1) whether Amoruso exists as a separate entity; and (2) assuming it does not, whether Mr. Amoruso could pursue the action in his individual capacity as this Court might lack jurisdiction over such a claim. *See* 9/12/00 Transcript, Ex. B to Ballard Aff., at 5-7. To resolve these concerns, the Court ordered Mr. Amoruso to submit an affidavit regarding his residency and citizenship by September 18, 2000. *See* 9/14/00 Scheduling Order, Ex. C to Ballard Aff., ¶ 1. Mr. Amoruso never submitted the requested affidavit. *See* Ballard Aff. ¶ 8.

During the September 12, 2000 status conference, the Court was informed that neither Mr. Alevizopoulos nor Mr. Amoruso were deposed by the July 7, 2000 deadline. The Court extended the deadline to September 29, 2000, but warned plaintiffs that a motion to dismiss for failure to prosecute would be entertained if Mr. Amoruso failed to comply with the Court's deposition deadline. *See* 9/12/00 Transcript, Ex. B to Ballard Aff., at 10. Mr. Amoruso did not appear for deposition by the September 29, 2000 deadline. *See* Ballard Aff. ¶ 9.

Amoruso's lawyer has advised the Court that Mr. Amoruso has ignored repeated requests to comply with the Court's orders regarding the requested affidavit and his deposition. *See* Ballard Aff. ¶ 10; 9/20/00 Letter from Plaintiffs' Attorney Allan A. Joseph ("Joseph Letter") at 1 ("Mr. Amoruso has not responded to any correspondence nor has he made any effort to return calls to our office."). As a result, plaintiffs' counsel requested permission to withdraw from representing Amoruso. *See* Joseph Letter at 2. During a telephone conference on September 25, 2000, plaintiffs'

Case 9:18-cv-01472-TJM-TWD   Document 117   Filed 04/21/22   Page 16 of 38

Antonios A. Alevizopoulos and Associates, Inc. v. Comcast..., Not Reported in...

2000 WL 1677984

counsel reported that the last response received from Mr. Amoruso was that he was "too busy" to talk to his attorney and that he would get back to his attorney "at his convenience." Ballard Aff. ¶ 11.

**\*2** On September 27, 2000, Comcast filed this Motion to Dismiss and served it on plaintiffs. Amoruso had until October 12, 2000 to submit its opposition papers. Neither the Court nor Comcast has received any opposition papers or a request for an extension. [1]

[1]    On October 19, 2000, the Court left a message on Mr. Amoruso's voicemail requesting that he telephone Chambers to discuss the prosecution of his case. Mr. Amoruso did not respond to the Court's phone call.

II. Discussion

    A. Rule 41(b)
Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action when a plaintiff fails "to prosecute or to comply with ... any order of the court." Although "dismissal is a harsh remedy and is appropriate only in extreme situations," *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996), a district court's order of dismissal will be reviewed only for abuse of discretion. *See Shannon v. General Elec. Co.,* 186 F.3d 186, 193 (2d Cir.1999).

The Second Circuit has set forth five factors to be considered in evaluating a Rule 41(b) motion: (1) the duration of the plaintiff's failure to prosecute; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district court judge has taken care to strike a balance between alleviating court calendar congestion and protecting plaintiff's rights to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *See id.* at 193-94; *Jackson v. City of New York,* 22 F.3d 71, 74 (2d Cir.1994).

    1. Duration of Plaintiff's Failure to Prosecute
Plaintiff has failed to prosecute this case for nearly four months. Successful motions for failure to prosecute usually consist of longer delays. *See, e.g., Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664 (2d Cir.1980) (affirming dismissal under Rule 41(b) where plaintiff failed to prosecute for six months); *Peters-Turnbull v. Board of Educ. of the City of New York,* No.

96 Civ. 4914, 1999 WL 959375, at \*2- \*3 (S.D.N.Y. Oct. 20, 1999) (stating that delay of between five and ten months "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss"). However, there is no "magic number." *Copeland v. Rosen,* 194 F.R.D. 127, 132 (S.D.N.Y.2000). In extreme circumstances, a district court may dismiss a complaint for relatively short delays. *See Lucas,* 84 F.3d at 535 (stating that it is possible that a delay of thirty-nine days could be considered significant); *Maiorani v. Kawasaki Kisen K.K., Kobe,* 425 F.2d 1162, 1163 (2d Cir.1970) (affirming Rule 41(b) dismissal where plaintiff sought two-day adjournment on day of trial).

This case presents extreme circumstances warranting dismissal. Amoruso has prosecuted this case with extreme indolence. Mr. Amoruso has failed to comply with two separate, court-ordered deposition deadlines. He has failed to provide an affidavit necessary to determine whether this Court has jurisdiction over Mr. Amoruso in his individual capacity. He has even failed to respond to this motion. Mr. Amoruso has never provided any reasonable explanation for his complete inaction and willful disregard of this Court's orders. To excuse Mr. Amoruso's delay here would be to ignore the fact that "when delays are 'multiplied over and over for one reason or another in one case after another, as [they] surely [are] and would be once the bar realizes that deadlines mean nothing, the net result is the build-up of a paralyzing backlog of pending cases." ' *Peart v. City of New York,* 992 F.2d 458, 462 (2d Cir.1993) (alterations in original) (quoting *Harding v. Federal Reserve Bank of New York,* 707 F.2d 46, 52 (2d Cir.1983) (MacMahon, J., concurring)).

    2. Notice That Further Delays Would Result in Dismissal
**\*3** On three occasions, Mr. Amoruso was put on notice that further delays would warrant dismissal of Amoruso's Complaint. *First,* at the September 12, 2000 status conference, the Court notified Mr. Amoruso, through his attorneys, that failure to comply with the Court's second deposition deadline would result in dismissal for failure to prosecute. *Second,* on October 19, 2000, the Court attempted to reach Mr. Amoruso by telephone but he did not return the Court's telephone call. *Third,* "[t]his motion to dismiss for failure to prosecute also provided plaintiff with notice that any further delay would result in the dismissal of [its] case." *Smith v. Human Resources Admin. of New York City,* No. 91 Civ. 2295, 2000 WL 307367, at \*2 (S.D.N.Y. Mar. 24, 2000). Although "no one [Rule 41(b) ] factor is dispositive," *Shannon,* 186 F.3d at 194, inexcusable disregard for a judge's

warning justifies dismissal, even when the delay is brief. *See Lucas,* 84 F.3d at 535 ("Indeed, had [plaintiff] received ... a warning [that failure to comply would result in dismissal], it is difficult to imagine how dismissal for unexplained non-compliance [of thirty-nine days] could be an abuse of discretion.").

#### 3. Prejudice to Defendants

"Prejudice to defendants resulting from an unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." *Lyell Theater Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir.1982) (internal citations omitted). Here, the prejudice caused by Mr. Amoruso's inaction is significant. Comcast has been unable to depose Mr. Amoruso and does not know whether Amoruso or Mr. Amoruso, suing in his individual capacity, can properly bring suit in federal court. Lacking such information makes it difficult, if not impossible, to defend the lawsuit. Defendants should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit.

#### 4. Balancing Court's Congestion With Plaintiff's Due Process

Dismissing Amoruso's claims against Comcast does not result in a violation of due process. Mr. Amoruso has had ample opportunity to prosecute this case and to be heard. Mr. Amoruso could have been heard on this motion but has squandered that opportunity by failing to submit opposition papers. The efficient administration of judicial affairs-a consideration vital to the Court's ability to provide meaningful access to other litigants-depends on the Court's overseeing its docket and guaranteeing that its cases progress with appropriate speed. *See Lyell Theater Corp.,* 682 F.2d at 42; *Chira,* 634 F.2d at 668 ("Burgeoning filings and crowded calendars have shorn courts of the luxury of tolerating procrastination."). Furthermore, this case does not present the situation in which the Court is "impos[ing] a penalty upon the client for [its] attorney's misconduct." *See Peart,* 992 F.2d at 462. Rather, it is the client's misconduct that has precipitated this dismissal. [2]

[2] The fact that Alevizopoulos is represented by the same attorneys as Amoruso, and that

Alevizopoulos complied with the Court's orders and even settled its case with Comcast, makes it plain that blame for this delay lies with Amoruso, not its attorneys.

#### 5. Consideration of Lesser Sanctions

**\*4** Lesser sanctions are not appropriate in this case. Although the Court is mindful of the Second Circuit's caution that "a district judge should employ ... [Rule 41(b) dismissal] only when [she] is sure of the impotence of lesser sanctions," *Chira,* 634 F.2d at 665, Mr. Amoruso has proven repeatedly that no lesser sanction would change his behavior and inspire him to prosecute this case diligently. Mr. Amoruso has repeatedly failed to abide by the Court's orders, even when the Court has granted him extensions and second chances. "A court need not beg a party to comply with its orders." *Peters-Turnbull,* 1999 WL 959375, at *3. Mr. Amoruso's failure to respond to this motion demonstrates that he has lost interest in this case.

Having considered each of the relevant factors, there is no doubt that dismissal of Amoruso's claims against Comcast is appropriate.

#### C. Rules 16(f), 37(b)(2), and 37(d)

Comcast also moves to dismiss Amoruso's claims pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2), and 37(d), which authorize the imposition of sanctions-including dismissal-for a party's failure to comply with a scheduling order, to obey an order of discovery, or to appear at a deposition. Because the Court is dismissing the claims of Amoruso pursuant to Rule 41(b), it is unnecessary to address Comcast's other grounds for dismissal. Nonetheless, there is little doubt that these alternative grounds warrant dismissal for the very same reasons discussed above.

### III. Conclusion

For the foregoing reasons, Comcast's motion to dismiss is granted with prejudice.

**All Citations**

Not Reported in F.Supp.2d, 2000 WL 1677984

 © 2022 Thomson Reuters. No claim to original U.S. Government Works.

 © 2022 Thomson Reuters. No claim to original U.S. Government Works.

Perez v. Wallace, Not Reported in Fed. Supp. (2016)

2016 WL 2865737

Case 9:18-cv-01472-TJM-TWD   Document 117   Filed 04/21/22   Page 18 of 38

2016 WL 2865737
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Gladys PEREZ, Plaintiff,
v.
Jack WALLACE, Defendant.

No. 1:15-CV-240 (GTS/CFH)
|
Signed 04/11/2016

**Attorneys and Law Firms**

Gladys Perez, 63 Second Street, Unit 1, Waterford, New York 12188, Plaintiff pro se.

City of Albany Corporation Counsel, City Hall, 24 Eagle Street, OF COUNSEL: VALERIE A. LUBANKO, ESQ., JOHN JOSEPH REILLY, ESQ., Albany, New York 12207.

**REPORT–RECOMMENDATION AND ORDER** [1]

[1]    This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

CHRISTIAN F. HUMMEL, U.S. MAGISTRATE JUDGE

*1  Plaintiff *pro se* brings this action regarding a single car accident and her subsequent arrest which occurred in March 2014. Dkt No. 1 ("Compl.") at 8. [2] Presently pending before the Court is defendant Jack Wallace's motion to dismiss pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ.P") Rule 41(b). Dkt. No. 37. Plaintiff failed to file a response to that motion. For the reasons set forth below, it is recommended that defendant's motion to dismiss for failure to prosecute be granted.

[2]    The arrest did not result in any charges or incarceration. Compl. at 12.

**I. Background** [3]

[3]    Any unpublished decisions cited within this Report–Recommendation and Order are attached hereto.

Plaintiff commenced this action on March 3, 2015 with the filing of a complaint and application to proceed in forma pauperis ("IFP"). Compl., Dkt. No. 2. On March 6, 2015, the Court issued a Report–Recommendation and Order which granted plaintiff's IFP application and recommended that (1) all claims against defendant Wallace in his official capacity be dismissed with prejudice; (2) all claims against defendant Albany Housing Authority be dismissed with prejudice; (3) the Fourth Amendment claim be dismissed without prejudice and with leave to amend; and (4) the assault, battery, and false arrest claims be dismissed without prejudice, and with leave to amend. Dkt. No. 4. Plaintiff did not file objections. On April 21, 2015, the District Court issued a Decision and Order adopting the Report–Recommendation and Order. Dkt. No. 6. That Decision and Order provided that plaintiff's Fourth Amendment claims and assault, battery and false arrest claims would be dismissed with prejudice and without further order of the Court unless, within thirty (30) days of the Decision and Order, plaintiff filed an amended complaint. Dkt. No. 6. Plaintiff failed to file an amended complaint.

On April 24, 2015, an Order was issued scheduling a Rule 16 conference for July 15, 2015. Dkt. No. 8. A copy of that Order was served on plaintiff by regular mail. *Id.* On July 2, 2015, the Court served a text reminder notice on all the parties regarding the Rule 16 conference. Dkt. Entry dated July 2, 2015. Plaintiff failed to appear for that conference. Text Minute Entry dated July 15, 2015. On July 15, 2015, the undersigned issued a text order rescheduling the Rule 16 conference for August 11, 2015. Dkt. No. 29. A copy of that text order was served upon plaintiff by certified mail, return receipt requested, at the address which appears on the court docket. *Id.* That mail was returned to the Court marked "return to sender-unclaimed-unable to forward." Dkt. No. 31.

On August 7, 2015, the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order With Simultaneous Separation and Remand. Dkt. No. 30. Plaintiff's claims against defendants General Motors, LLC, General Motors Holding, LLC, Delphi Automotive, PLC, DPH–DAS, LLC F/K/A/ Delphi Automotive Systems, LLC, and Goldstein Chrysler Jeep, Inc., were transferred to the Southern District of New York. Dkt No. 30. Plaintiff's claims against the City of Albany and defendant Wallace were

Case 9:18-cv-01472-TJM-TWD  Document 117  Filed 04/21/22  Page 19 of 38

Perez v. Wallace, Not Reported in Fed. Supp. (2016)

2016 WL 2865737

remanded, pursuant to 28 U.S.C. § 1407(a), to the Northern District of New York. Dkt No. 30 at 3. [4]

[4]     As plaintiff did not file an amended complaint in accordance with the Court's Decision and Order dated April 21, 2015, all claims against the City of Albany are dismissed. Dkt. No. 6. The only remaining defendant is patrolman Jack Wallace.

*2 On August 11, 2015, a Rule 16 Conference was conducted. Plaintiff failed to appear for the Rule 16 Conference. Dkt. Entry dated August 11, 2015. Also on August 11, the Court issued a Uniform Pretrial Scheduling Order. Dkt. No. 32. That Order required, among other things, that each of the parties was to file a status report by November 20, 2015. Dkt. No. 32 at 10. Defendant filed his status report on November 20, 2015. Dkt. No. 34. Plaintiff failed to file a status report as directed by the Court.

On August 11, 2015, the undersigned issued a text order addressed to plaintiff's failure to attend two Rule 16 conferences. Dkt. No. 33. The text order provided that "plaintiff is advised that her failure to attend court conferences or to comply with court orders may result in the dismissal of her case for failure to prosecute." *Id.* A copy of that text order was served on plaintiff by regular mail. *Id.*

On November 23, 2015, the Court issued a text notice scheduling a conference for December 9, 2015. Dkt. No. 35. The parties were directed to appear in person for that conference. *Id.* The notice further provided that plaintiff was to immediately advise the Court if she was unable to appear in person for the conference. *Id.* A copy of that notice was served on plaintiff by regular mail. *Id.* Plaintiff failed to appear for that conference and did not notify the Court that she was unable to attend that conference in person. *Id.*

On December 9, 2015, the undersigned issued a text order setting a briefing schedule for defendant's Motion to Dismiss. Dkt No. 36. Defendant was ordered to file the Motion to Dismiss by December 31, 2015. *Id.* Plaintiff's response was due by January 9, 2016, with any reply to be filed by January 19, 2016. *Id.* The text order again advised plaintiff that failure to attend court conferences and/or to comply with court orders may result in dismissal of this action for failure to prosecute. *Id.*

On December 31, 2015, defendant filed a Motion to Dismiss for failure to prosecute and comply with a court order pursuant to Fed. R. Civ. P 41(b). Dkt. No. 37. Plaintiff was ordered to file any response to that motion by January 12, 2016. *Id.* On January 6, 2016, the Court issued a notice which extended plaintiff's time to file a response to the pending motion until January 19, 2016. Dkt. Entry dated Jan. 6, 2016. A copy of that notice was served on plaintiff by regular mail. *Id.*

## II. Discussion

Fed.R.Civ.P. 41(b) provides that a court may dismiss an action "[i] the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order ..." *See* Link v. Wabash R.R. Co., 370 U.S. 626,629 (1962); Baptiste v. Sommers, 768 F.3d 212, 216 (2d. Cir.2014); *see also* N.D.N.Y.L.R. 41.2(b). Since a Rule 41(b) dismissal "is a harsh remedy ... [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d. Cir.1996) (citation omitted). Further, where the plaintiff is proceeding *pro se*, "courts should be especially hesitant to dismiss for procedural deficiencies ..." Spencer v. Doe, 139 F.3d 107,112 (2d Cir.1998) (quoting Lucas, 84 F.3d at 535); *see also* Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir.2006). A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

(1) the duration of the plaintiff's failure to comply with the court order,

(2) whether the plaintiff was on notice that failure to comply with result in dismissal,

(3) whether the defendants are likely to be prejudiced by further delay in the proceedings,

*3 (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and

(5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 22 F.3d 71,74 (2d Cir.1994)) (additional citations omitted).

A review of this case's procedural history shows that the complaint was filed on April 3, 2015. *See* Compl. As such, over one year has elapsed since the filing of this action, yet virtually no discovery has been conducted. A Rule 16 conference was scheduled for July 15, 2015. Dkt No. 8.

Plaintiff failed to appear for that conference. Dkt. Entry dated July 15, 2015. A second Rule 16 conference was scheduled for August 11, 2015. Dkt. No. 29 Plaintiff again failed to appear for that conference. Dkt. Entry dated August 11, 2015. On August 11, 2015, the undersigned issued a text order which advised plaintiff that her failure to attend court conferences or comply with court orders may result in the dismissal of her case for failure to prosecute. *Id.* On December 9, 2015, the undersigned issued a text order which again advised plaintiff that failure to attend court conferences and/ or to comply with court orders may result in dismissal of this action. Dkt. No. 36. Despite that warning, plaintiff failed to appear for the conference schedule for December 9, 2015. In view of the foregoing, it is clear that plaintiff has repeatedly been advised that failure to comply with the Court's orders may result in dismissal of this matter.

As a result of plaintiff's failure to participate in discovery and her refusal to attend court conferences, defendant has been denied access to information which he needs to prepare his defense in this matter. *See Shannon v. Gen. Elec. Co.,* 186 F.3d 186,195 (2d Cir.1990). In addition, it appears the address at which plaintiff provided to the Court is no longer valid, as mail sent to plaintiff at that address has been returned as undeliverable. Dkt. Nos. 31 and 38. However, plaintiff has failed to meet her duty to provide this Court with an updated address. Plaintiff's continuing failure to comply with court orders and participate in discovery has significantly delayed the resolution of this matter, thereby contributing to the Court's congestion.

The final consideration in determining whether to dismiss plaintiff's action for failure to prosecute is assessing whether there is a sanction less drastic than dismissal. *See Lucas,* 84 F.3d at 535. The Court is aware that dismissal is a particularly harsh remedy, especially when invoked against a *pro se* plaintiff. *Salahuddin v. Harris,* 782 F.2d 1127,1132 (2d Cir.1986); *Sec. and Exch. Comm'n v. Research Automation Corp.,* 521 F.2d 585,588–89 (2d Cir.1975). Mindful of the principles of law pronounced above, the undersigned finds that the imposition of a lesser sanction would have no effect on plaintiff or this litigation which has been pending since March 3, 2015. *See* Dkt. No. 1. The Court reaches this conclusion based on plaintiff's failure to provide the Court with a viable address for the service of court orders, refusal to participate in discovery, and plaintiff's continuing failure to comply with court orders and appear for scheduled court proceedings.

### III. Conclusion

**\*4 WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED** that defendant Jack Wallace's motion to dismiss plaintiff's complaint (Dkt. No. 37) pursuant to Fed.R.Civ.P. 41(b) be **GRANTED**, and that the complaint be **DISMISSED in its entirety with prejudice**; and it is

**ORDERED** that the Clerk of the Court serve this Report–Recommendation and Order on the parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993)(citing *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

### All Citations

Not Reported in Fed. Supp., 2016 WL 2865737

---

    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

 © 2022 Thomson Reuters. No claim to original U.S. Government Works.

Case 9:18-cv-01472-TJM-TWD    Document 117    Filed 04/21/22    Page 21 of 38

McKnight v. Ferrick, Not Reported in Fed. Supp. (2017)

2017 WL 3172794

2017 WL 3172794
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Steven C. MCKNIGHT, Plaintiff,

v.

J. FERRICK, et al., Defendants.

Civil Action No. 9:16-CV-0957 (TJM/DEP)

|

Signed 06/30/2017

**Attorneys and Law Firms**

Steven C. McKnight, Gouverneur, NY, pro se.

Colleen D. Galligan, Matthew P. Reed, New York State
Attorney General, Albany, NY, for Defendants.

REPORT AND RECOMMENDATION

David E. Peebles, U.S. Magistrate Judge

**\*1** *Pro se* plaintiff Steven C. McKnight, a former New
York State prison inmate whose whereabouts are currently
unknown to the court, has commenced this civil rights action
pursuant to 42 U.S.C. § 1983 claiming deprivation of his
rights under the Eighth Amendment. In his complaint, as
amended, plaintiff alleges that the named defendants, all
of whom were employed in some capacity at the prison
facility in which plaintiff was confined at the relevant times,
unlawfully subjected him to the use of excessive force.

Presently pending before the court is defendants' motion to
dismiss plaintiff's complaint for failure to prosecute, pursuant
to Rule 41(b) of the Federal Rules of Civil Procedure in light
of McKnight's failure to comply with the court's mandatory
scheduling order and file a notice of change of address. For the
reasons set forth below, I recommend that defendants' motion
be granted.

I. BACKGROUND

A. Facts Related to Plaintiff's Underlying Claims
Plaintiff commenced this action on August 1, 2016, while
he was an inmate in the custody of the New York State
Department of Corrections and Community Supervision
("DOCCS"). *See generally* Dkt. No. 1. At the times relevant

to his claims in this action, plaintiff was confined in the
Gouverneur Correctional Facility ("Gouverneur") located in
Gouverneur, New York. *Id.* Plaintiff alleges that while at
Gouverneur, defendants J. Ferrick, C. Cunningham, Denney,
and B. Coffey, all of whom worked as corrections employees
at Gouverneur at the time, subjected him to excessive force in
violation of his rights under the Eighth Amendment. Dkt. No.
27 at 6-9. Specifically, plaintiff alleges that on June 15, 2016,
a use-of-force incident occurred, during which defendant
Cunningham held McKnight in place on the ground while
defendants Ferrick, Coffey, and Denney kicked, punched, and
stomped on him. *Id.* Plaintiff alleges that he was handcuffed
and left defenseless on the floor during the incident. *Id.*

B. Facts Relevant to Defendants' Pending Motion
According to defendants' counsel, neither the Office of the
New York State Attorney General nor the court has been able
to contact or locate the plaintiff since January 31, 2017. Dkt.
No. 37-1 at 2. On that date, defendants' attorney sent plaintiff
a copy of a letter to the court requesting an extension of time
for defendants to answer plaintiff's complaint. Dkt. No. 29.
The copy of that letter that was sent to plaintiff was returned
to defendants' counsel with the notation, "NOT AT THIS
FACILITY." Dkt. No. 37-1 at 5.

Using the address provided by plaintiff in his complaint,
defendants attempted to serve their initial disclosures upon
plaintiff on February 3, 2017, pursuant to the court's pretrial
scheduling order. Dkt. No. 37-1 at 2; Dkt. No. 37-1 at 10. That
mailing was similarly returned with a notation indicating that
plaintiff was no longer at Gouverneur and had been released
on parole on January 25, 2017. [1] Dkt. No. 37-1 at 2; Dkt. No.
37-1 at 9.

[1]     A review of the DOCCS' inmate locator
        website, a publicly available resource, confirms
        that plaintiff was released by the DOCCS
        on January 25, 2017. New York State
        DOCCS, http://nysdoccslookup.doccs.ny.gov/
        GCA00P00/WIQ1/WINQ000 (last visited June 29,
        2017).

**\*2** Defendants' attorney made a third failed attempt to
communicate with plaintiff by mail, sending him a notice
of appearance and defendants' answer to plaintiff's second
amended complaint ("SAC") on February 27, 2017. Dkt. No.
37-1 at 2; *see* Dkt. No. 37-1 at 13. Those documents were
similarly returned to defendants as undeliverable, again with

McKnight v. Ferrick, Not Reported in Fed. Supp. (2017)

2017 WL 3172794

Case 9:18-cv-01472-TJM-TWD Document 117 Filed 04/21/22 Page 22 of 38

the notation, "NOT AT THIS FACILITY." Dkt. No. 37-1 at 2; Dkt. No. 37-1 at 12.

Like defendants' counsel, the court has also experienced difficulty in communicating with plaintiff. On January 31, 2017, the court sent plaintiff a text order using his Gouverneur address. Dkt. No. 30. That communication was also returned as undeliverable. Dkt. No. 32.

## II. PROCEDURAL HISTORY

Plaintiff commenced this action on August 1, 2016, by the filing of a complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1, 2. Although plaintiff's initial IFP motion was denied as incomplete, his renewed request was granted by Senior District Judge Thomas A. McAvoy on August 19, 2016. Dkt. Nos. 4, 7. Plaintiff's SAC, the currently operative pleading in this action, names Corrections Officer Ferrick, Corrections Officer Cunningham, Lieutenant Denney, and Sergeant Coffey as defendants. Dkt. No. 27 at 2-3. Liberally construed, plaintiff's SAC asserts an Eighth Amendment cause of action against defendants as a result of the use-of-force incident that occurred on June 15, 2016. *Id.* at 6-9. As relief, plaintiff seeks an award of money damages. *Id.* at 6-10.

On April 26, 2017, defendants filed the currently pending motion to dismiss for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on plaintiff's failure to notify the court and defendants' counsel of his new address and actively pursue his claims in the action. Dkt. No. 37. Defendants' motion, which is now fully briefed, has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See* Fed. R. Civ. P. 72(b).

## III. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure permits a court, in its discretion, to order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court. Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.).[2] That discretion is appropriately exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). In light of the severity of the dismissal

remedy authorized under Rule 41(b), however, it should be invoked in only the most extreme of circumstances, and with great caution. *Baptiste*, 768 F.3d 212, 219 (reiterating that dismissals pursuant to 41(b) "are 'the harshest of sanctions' " (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

[2]     All unreported cases cited to in this report have been appended for the convenience of the *pro se* plaintiff.

A determination of whether to dismiss an action pursuant to Rule 41(b) is informed by consideration of five specific factors, including (1) the duration of the plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair opportunity to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216; *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (applying factors in a failure to prosecute action); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (applying factors where a party failed to comply with order of court). "No single factor is generally dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

**\*3** I have carefully evaluated the five controlling factors, and find that they weigh decidedly in favor of dismissal in this case. Plaintiff has failed to communicate with either the court or defendants since January 12, 2017, when he filed his SAC. Dkt. No. 27. The court's mandatory pretrial discovery and scheduling order, which was issued on December 6, 2016, directed that the parties exchange their respective initial disclosures within sixty days. Dkt. No. 22. According to defendants, to date plaintiff has failed to serve them with his initial disclosures or otherwise notify them that he has no documents subject to the initial disclosures requirement. Dkt. No. 37-1 at 3.

The duration of plaintiff's failure to communicate, which by now is nearly six months, weighs in favor of dismissal pursuant to Rule 41(b). Local Rule 41.2(a) provides that when the "plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed." N.D.N.Y. L.R. 41.2(a). Although the length of plaintiff's delay to date is not exceedingly long, there is no indication

McKnight v. Ferrick, Not Reported in Fed. Supp. (2017)

2017 WL 3172794

of an end to his inactivity.[3] *See Santana v. Warner*, No. 11-CV-0443, 2011 WL 7109214, at *2 (N.D.N.Y. Nov. 29, 2011) (Homer, M.J.) *report and recommendation adopted by* 2012 WL 253424 (N.D.N.Y. Jan. 26, 2012) (McAvoy, J.) (dismissing the plaintiff's complaint because, although the action had been pending for seven months, there was sufficient evidence indicating that plaintiff's inactivity was interminable). Based upon plaintiff's lack of notice as to his current address, both the court and defendants' counsel are without a means of communicating with plaintiff, leaving the action at a virtual standstill.

[3]     Under the court's local rules, "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a).

Addressing the second factor, I note that plaintiff was squarely placed on notice that his failure to update the court and defendants with any change in address could result in dismissal of his complaint. On October 13, 2016, in his decision accepting plaintiff's SAC for filing, Judge McAvoy informed plaintiff that he is "required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address" and that "his failure to do so will result in the dismissal of this action." Dkt. No. 11 at 4. That order was sent by the court to plaintiff at Gouverneur, using the address he provided to the court when the action was filed. Dkt. No. 11 at 1. There is no indication that plaintiff did not receive that order, and the language used in it is not overly technical, but rather ordinary. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001).

In addition, notice of the obligation to notify the court and counsel of any change of address is provided under Rule 10.1(c)(2) of the local rules of practice for this court. *See* N.D.N.Y. L.R. 10.1(c)(2) ("[A]ll ... *pro se* litigants must immediately notify the Court of any change of address."). Courts in this circuit have routinely concluded that, while *pro se* litigants are due some amount of deference, they are not relieved of their obligation to observe the court's local rules. *See, e.g., Jackson v. Rabideau*, No. 04-CV-1096, 2007 WL 911846, at *2 (N.D.N.Y. Mar. 22, 2007) (Kahn, J.) (recognizing that *pro se* litigants "should be granted special lenience with regards to [their] compliance with procedural rules," but concluding dismissal was warranted because the plaintiff's failure to update his address "frustrated th[e] Court's ability to contact him").

**\*4** Turning to the question of the effect of plaintiff's failure, I conclude that the defendants are likely to be prejudiced by further delay. "[P]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). This case has been pending for nearly a year, and it is likely that memories of the events in question have faded, relevant documents have been discarded, and potential witnesses have become unavailable. *See, e.g., Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996). There is no apparent end to plaintiff's lack of participation in this action. Subjecting defendants to continuous delay is prejudicial to the discovery process, as well as their ability to defend themselves. Accordingly, the third factor, like the first and second, weigh in favor of dismissal under Rule 41(b).

The fourth factor, which examines the court's interest in managing its docket, also militates in favor of granting the defendants' motion. The court must balance its interest in alleviating a busy docket with a plaintiff's right to due process. *LeSane*, 239 F.3d at 209. Plaintiff's lack of participation, to which there is no apparent end in sight, tips the balancing scale in favor of alleviating the court's docket. *See Santana*, 2011 WL 7109214, at *2 (finding that the court's interest in alleviating court congestion outweighed the plaintiff's due process interest). Undeniably, the court has a strong interest in ensuring the timely "disposition of cases" to "avoid congestion in the calendars of District Courts." *Link*, 370 U.S. at 629-30. Plaintiff's inactivity is simply not conducive to furtherance of that interest.

Lastly, no lesser sanction is warranted or appropriate. Issuing an order reprimanding plaintiff for his conduct would be futile given the fact that his whereabouts are unknown, and he would therefore likely not receive the admonition.

In sum, after careful consideration of the five factors relevant to the failure to prosecution analysis, I find that plaintiff's chronicled history of inactivity warrants the ultimate sanction of dismissal. Accordingly, I recommend that the court grant defendants' motion to dismiss for failure to prosecute.

IV. SUMMARY AND RECOMMENDATION

Based on the record, it appears that plaintiff has not communicated with the court or defendants' counsel in nearly six months. His failure to notify the court or defendants' counsel of his current address, coupled with his failure to participate in the action, violate the rules of practice of

2017 WL 3172794

this court and demonstrate plaintiff's manifest disinterest in prosecuting the action. Accordingly, it is respectfully

RECOMMENDED that defendants' motion to dismiss (Dkt. No. 37) be GRANTED, and plaintiff's complaint be DISMISSED in its entirety.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE

TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 3172794

---

**End of Document**                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2022 Thomson Reuters. No claim to original U.S. Government Works.   4

Cintron v. Gettman, Not Reported in Fed. Supp. (2017)

2017 WL 2303604

2017 WL 2303604
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

David CINTRON, Plaintiff,

v.

Gary GETTMAN, et al., Defendants.

9:15-CV-0542(BKS/TWD)
|
Signed 05/01/2017

**Attorneys and Law Firms**

DAVID CINTRON, 1010 E. 178th Street, Apt 8-C, Bronx, NY 10460-2973, Plaintiff pro se.

HON. ERIC T. SCHNEIDERMAN, OF COUNSEL: RACHEL M. KISH, ESQ., Assistant Attorney General, Attorney General for the State of New York, The Capitol, Albany, New York 12224, Counsel for the Defendants.

**ORDER and REPORT-RECOMMENDATION**

Thérèse Wiley Dancks, United States Magistrate Judge

**\*1** This *pro se* civil rights action, commenced by Plaintiff David Cintron pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Glenn T. Suddaby, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3. Plaintiff claims that while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and confined at Upstate Correctional Facility ("Upstate C.F."), Defendants Gary Gettman ("Gettman"), Joshua J. Whitford ("Whitford"), Smith, Timothy Ramsdell ("Ramsdell"), and Chris DeMers ("DeMers") violated his Eighth Amendments rights and Defendant L. LaBarge ("LaBarge") violated his First Amendment rights. (*See generally* Dkt. No. 14.) Plaintiff seeks compensatory and punitive damages. *Id.* at 12.

Currently pending before the Court is Defendants' motion pursuant to Federal Rule of Civil Procedure 37 to dismiss the action as a sanction for Plaintiff's failure to attend his scheduled depositions. (Dkt. No. 33.) In the alternative, Defendants move pursuant to Federal Rule of Civil Procedure 41 to dismiss the action for failure to prosecute. *Id.* Plaintiff

has not opposed the motion. For the reasons that follow, I recommend that the Court dismiss this action.

**I. FACTUAL BACKGROUND**

In this action, Plaintiff Cintron claims that Defendant LaBarge contaminated his food in retaliation for grievances that plaintiff filed against him. (Dkt. No. 14 at 6-7.) Plaintiff also alleges that Defendants Gettman, Whitford, Smith, Ramsdell, and DeMers assaulted him and refused to provide medical treatment. *Id.* at 7-8.

On March 23, 2016, the Court issued a Mandatory Pretrial Discovery and Scheduling Order. (Dkt. No. 27.) In that order, the Court granted Defendants leave to take Plaintiff's deposition. *Id.* at 4. The order stated that:

> Defense counsel shall provide plaintiff[ ] with notice of the date of the deposition in the form provided in Rule 30(b)(1) and such notice shall be deemed sufficient if the notice is mailed to plaintiff[ ] at least fifteen (15) days prior to the scheduled date for the deposition. The deposition may not commence until at least fifteen (15) days after defense counsel has filed a notice of compliance with [mandatory discovery].

*Id.* at 4–5.

On June 23, 2016, defense counsel filed a notice of compliance with mandatory discovery. (Dkt. No. 28.) On June 24, 2016, Defendants served a notice of deposition on Plaintiff. (Dkt. No. 33-3.) The notice of deposition was served on Plaintiff at 1010 E. 178 th Street, Apt. 8-C, Bronx, New York 10460-2973. [1] *Id.* at 2. Plaintiff's deposition was scheduled for August 16, 2016, at the Attorney General's Office in Albany, New York. *Id.* Plaintiff did not appear for his deposition and did not contact Defendants' counsel to advise that he would not appear. (Dkt. No. 29.) On September 14, 2016, the Court issued an Order directing Defendants to reschedule Plaintiff's deposition on proper notice. (Dkt. No. 30.) The Court instructed Plaintiff to attend the deposition and cautioned that his failure to appear may result in the dismissal of the action for failure to prosecute, and failure to follow

2017 WL 2303604

court directives. *Id.* On September 14, 2016, Defendants served a notice of deposition on Plaintiff. (Dkt. No. 33-4.) The notice of deposition was served on Plaintiff at 1010 E. 178th Street, Apt. 8-C, Bronx, New York 10460-2973. *Id.* Plaintiff's deposition was rescheduled for October 7, 2016, at the Attorney General's office in Albany, New York. *Id.* Plaintiff did not appear for the deposition and did not contact defense counsel. (Dkt. No. 31.)

[1]      In a Decision and Order filed on October 29, 2015, the Court listed Plaintiff's address as Southport Correctional Facility but noted:

> According to the New York State Department of Corrections and Community Supervision website, plaintiff was released to parole supervision on October 9, 2015. *See* http://nysdoccslookup.doccs.ny.gov/ (information for inmate David Cintron, DIN 08-A-4014) (last visited October 29, 2015). Plaintiff has not provided the Clerk of the Court with an updated address.

Dkt. No. 13 at 1, n. 1.
On November 2, 2015, the Clerk of the Court amended the docket report in this action to update Plaintiff's address to 1010 East 178th Street, Apt 8-C, Bronx, NY 10460-2973. *See Cintron v. Gettman, et al.*, No. 15-CV-0542, Docket Report, Minute Entry dated November 2, 2015. The amendment was based upon a Notice of Change of Address filed by Plaintiff in another case pending in this district. *See Cintron v. Weissman*, No. 9:14-CV-0116 (TJM/DEP), Docket No. 105 (N.D.N.Y. October 30, 2015).
On November 13, 2015, mail addressed to Plaintiff at Southport Correctional Facility was returned to the Court as "undeliverable." *See Cintron v. Gettman*, Docket No. 16. On February 4, 2016, the Court received a letter from Plaintiff with the return address listed as 1010 East 78th Street, Apt 8-C, Bronx, NY 10460. *Id.*, Docket No. 19.

**\*2**  On October 12, 2016, the Court issued an Order granting Defendants leave to file a motion to dismiss. (Dkt. No. 32.) On October 17, 2016, Defendants filed the motion to dismiss. (Dkt. No. 33.) On October 18, 2016, the Court advised Plaintiff that any response to the motion should be filed on or before November 14, 2016. (Dkt. No. 34.) Plaintiff has not opposed the motion.

## II. APPLICABLE LEGAL STANDARDS

Defendants move under Federal Rule of Civil Procedure 37(b) to dismiss the complaint as a sanction for Plaintiff's failure to appear at his properly noticed deposition. (Dkt. No. 33.) Under Rule 37(b), if:

> a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A). Further, "[i]nstead of or in addition to the orders above, the court must order the disobedient party ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C).

A court may consider several factors when considering a motion to dismiss for failure to comply with discovery. *S. New England Tel. Co. v. Global NAPs*, Inc., 624 F.3d 123, 144 (2d Cir. 2010). Those factors are: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the duration of the period of noncompliance; (3) whether the non-compliant party had been warned of the consequences of noncompliance; and (4) the efficacy of lesser sanctions. *Id.* Sanctions may be imposed against a pro se litigant "so long

Cintron v. Gettman, Not Reported in Fed. Supp. (2017)

2017 WL 2303604

as a warning has been given that noncompliance can result" in a sanction. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

In the alternative, Defendants move for dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure. Rule 41 provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b). The term "these rules" in Rule 41(b) is construed to mean not only the Federal Rules of Civil Procedure but the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006). Even in the absence of a motion, federal district courts have the inherent power to dismiss a case sua sponte pursuant to Rule 41(b). *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962). The appropriateness of dismissing an action pursuant to Rule 41(b) is determined in light of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order [or the court's procedural rules], (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

**\*3** *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted).

### III. ANALYSIS

Defendants move for dismissal arguing that Plaintiff has, on two occasions, failed to appear for a deposition and has refused to comply with Court orders. (Dkt. No. 33 at 6.) Moreover, Defendants argue that plaintiff has consistently delayed the litigation and thus, plaintiff's complaint should be dismissed due to his failure to prosecute. *Id.* at 7.

With respect to Defendants' Rule 37 motion, regarding the first factor, "[n]on-compliance may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control. In addition, a party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault." *Handwerker v. AT & T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (citations omitted). Here, the Court's orders were clear. There is no indication that Plaintiff did not understand the orders. Plaintiff has not advised the Court that his failures to appear for his scheduled depositions were due to factors beyond his control. As discussed in the Factual Background Section, *supra*, there had been confusion regarding Plaintiff's address. Despite the initial confusion, Plaintiff mailed correspondence to the Court in February 2016 from the address listed on the docket report and notice of deposition. Thus, it cannot be said that Plaintiff did not receive the notices of deposition. Accordingly, I find that Plaintiff's failure to appear at his deposition was willful. Therefore, this factor weighs in favor of dismissal.

Regarding the second factor, the duration of Plaintiff's noncompliance is lengthy. *See Handwerker*, 211 F.R.D. at 210 (finding that failure to provide discovery or respond to proposed dates for deposition for "over nine months" weighed in favor of dismissal); *see also Colella v. New York City Transit Auth.*, No. 12 Civ. 6041, 2015 WL 906168, at * 3 (S.D.N.Y. March 3, 2015) (finding a three to four month period of noncompliance with discovery demands to be sufficiently lengthy). Here, Plaintiff has been noncompliant since August 16, 2016. Over eight months of noncompliance is lengthy. Thus, the second factor weighs in favor of dismissal.

Regarding the third factor, the Court advised Plaintiff of his duty to appear at his deposition. On September 14, 2016, the Court stated that Plaintiff's failure to appear at his deposition may result in sanctions which may include a recommendation to dismiss the case for failure to provide discovery and for failure to prosecute. (Dkt. No. 30.) Therefore, this factor weighs in favor of dismissal.

Regarding the fourth factor, the Court has not previously imposed lesser sanctions. Namely, this Court has not issued an order requiring Plaintiff's appearance at a deposition on a specific date and time, nor has this Court ordered Plaintiff to reimburse Defendants for any costs that may have been incurred for failing to appear at his deposition. In fact,

Case 9:18-cv-01472-TJM-TWD    Document 117    Filed 04/21/22    Page 28 of 38

Cintron v. Gettman, Not Reported in Fed. Supp. (2017)

2017 WL 2303604

Defendants do not argue that they incurred the costs of the deposition due to Plaintiff's failure to appear. At the time this action was commenced, Plaintiff was an incarcerated inmate who was granted in forma pauperis status. Accordingly, a financial sanction is not warranted. *See Davidson v. Dean*, 204 F.R.D. 251, 256 (S.D.N.Y. 2001) (holding that uncollectible financial sanctions imposed upon an inmate are meaningless). Moreover, Plaintiff has not taken any action in furtherance of his litigation for over fifteen months. [2] Accordingly, any lesser sanction or Court order with preclusive sanctions would be inconsequential. *See Sease v. Doe*, No. 04 CIV. 5569, 2006 WL 3210032, at *5 (S.D.N.Y. Nov. 6, 2006) (finding preclusive sanctions "useless since plaintiff is plainly no longer interested in the lawsuit").

[2]     The last correspondence received from Plaintiff was a letter with six copies of the complaint and forms for service dated February 4, 2016. (Dkt. No. 19.)

**\*4** Dismissal of this action is also warranted pursuant to Rule 41. In considering the duration of Plaintiff's failure to prosecute his claims, the Court notes that Local Rule 41.2(a) of the Northern District states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a). As discussed supra, plaintiff has not taken any action in this litigation in fifteen months. Despite prodding from the Court, Plaintiff has not followed the Court's directives. Moreover, Plaintiff did not respond to the motion to dismiss.

Because Plaintiff has abandoned his case, the Court's need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case. As discussed *supra*, the Court has considered less drastic sanctions and finds that none is appropriate. Weighing the factors with the special solicitude that must be granted to pro se litigants, dismissal is warranted in this case. Therefore, I recommend that the Court grant Defendants' motion to dismiss without prejudice.

**ACCORDINGLY**, it is

**RECOMMENDED** that the Court **GRANT** Defendants' motion to dismiss (Dkt. No. 33) without prejudice.

**ORDERED** that the Clerk provide Plaintiff with copies of *Colella v. New York City Transit Auth.*, No. 12 Civ. 6041, 2015 WL 906168, at * 3 (S.D.N.Y. March 3, 2015); and *Sease v. Doe*, No. 04 CIV. 5569, 2006 WL 3210032, at *5 (S.D.N.Y. Nov. 6, 2006); and it is further

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. [3] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roland v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b) (1) (Supp. 2013); Fed.R.Civ.P. 72, 6(a).

[3]     If you are proceeding pro se and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. 6(a)(1)(C).

**All Citations**

Not Reported in Fed. Supp., 2017 WL 2303604

---

**End of Document**                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

2014 WL 4988224
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Michael PERKINS, Plaintiff,

v.

David A. ROCK, et al., Defendants.

No. 9:12–CV–0459 (LEK/RFT).
|
Signed Oct. 7, 2014.

**Attorneys and Law Firms**

Michael Perkins, Malone, NY, pro se.

Hon. Eric T. Schneiderman, Attorney General of the State of New York, Douglas J. Goglia, Esq., Assistant Attorney General, of Counsel, Albany, NY, for Defendants.

## *ORDER*

LAWRENCE E. KAHN, District Judge.

**\*1** This matter comes before the Court following a Report–Recommendation filed on September 5, 2014, by the Hon. Randolph F. Treece, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 79 ("Report–Recommendation").

Within fourteen days after a party has been served with a copy of a magistrate judge's report recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). "If no objections are filed ... reviewing courts should review a report and recommendation for clear error." *Edwards v. Fischer,* 414 F.Supp.2d 342, 346–47 (S.D.N.Y.2006); *see also Cephas v. Nash,* 328 F.3d 98, 107 (2d Cir.2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); *Farid v. Bouey,* 554 F.Supp.2d 301, 306 (N.D.N.Y.2008).

No objections to the Report–Recommendation were filed in the allotted time period. *See* Docket. After a thorough review of the Report–Recommendation and the record, the Court has

determined that the Report–Recommendation is not subject to attack for clear error.

Accordingly, it is hereby:

**ORDERED,** that the Report–Recommendation (Dkt. No. 79) is **APPROVED** and **ADOPTED in its entirety;** and it is further

**ORDERED,** that Defendants' Motion (Dkt. No. 74) to dismiss is **GRANTED;** and it is further

**ORDERED,** this action is **DISMISSED without prejudice;** and it is further

**ORDERED,** that the Clerk serve a copy of this Order upon the parties to this action in accordance with the Local Rules.

**IT IS SO ORDERED.**

## *REPORT–RECOMMENDATION and ORDER*

RANDOLPH F. TREECE, United States Magistrate Judge.

Plaintiff Michael Perkins commenced this action *pro se* in March 2012, seeking relief, pursuant to 42 U.S.C. § 1983, for alleged violations of his constitutional rights. Dkt. No. 1, Compl. At the time of the initiation of this action, Plaintiff was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and was incarcerated at Upstate Correctional Facility.

On June 11, 2012, the Honorable Lawrence E. Kahn, Senior United States District Judge, conducted an initial screening of Plaintiff's Complaint. Dkt. No. 6, Dec. & Order. After directing dismissal of certain claims and Defendants, Judge Kahn directed service on the remaining Defendants. [1] *Id.* Within that Decision and Order, Judge Kahn advised Plaintiff of his obligation to maintain an updated address with the Court and opposing counsel. Specifically, Judge Kahn stated: **"Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action."** *Id.* at p. 11 (emphasis in original).

[1]     Judge Kahn noted that Plaintiff had accumulated three or more strikes, pursuant to 28 U.S.C. § 1915(e), prior to bringing this action, but he

nevertheless sufficiently alleged that at the time the Complaint was filed he was "under imminent danger of serious physical injury" and thus, his request to proceed with this action *in forma pauperis* ("IFP") was granted and the United States Marshal was directed to effectuate service on Plaintiff's behalf. Dkt. No. 2, IFP App.; Dkt. No. 6, Dec. & Order, at pp. 2–5 & 10; *see also* 28 U.S.C. § 1915.

**\*2** After considerable motion practice by both parties,[2] the Court issued a Mandatory Pretrial Discovery and Scheduling Order on October 8, 2013, setting the discovery deadline at April 7, 2014, and the deadline to file dispositive motions at July 7, 2014. Dkt. No. 65. On May 27, 2014, Defendants' counsel, who had been reassigned this case, asked that discovery be reopened for the sole purpose of taking Plaintiff's deposition. Dkt. No. 72. That request was granted and the Court set July 25, 2014, as the deadline to complete that deposition, and set the dispositive motion filing deadline at September 26, 2014. Dkt. No. 73. Days later, the Defendants' counsel submitted a Letter–Motion to the Court seeking dismissal of the action due to Plaintiff's failure to keep the Court and Defendants apprised of his current whereabouts. Dkt. No. 74. According to Defendants' LetterMotion, Plaintiff was released from the custody of the Department of Corrections and Community Supervision ("DOCCS") on December 18, 2013, after serving the maximum sentence imposed. *Id.*

2      Such motion practice includes Plaintiff's Motion to Amend (Dkt. No. 10), Plaintiff's Motions for Preliminary Injunctive Relief (Dkt. Nos. 12, 13, 15, 22, 24, 41, 47, 51, 53, & 55); and Defendants' Motion seeking Revocation of Plaintiff's *in forma pauperis* status (Dkt. No. 44).

According to information publically available on the New York State DOCCS website, Plaintiff was indeed released from DOCCS custody on December 18, 2013, after serving the maximum time of incarceration for his underlying state conviction. *See* N.Y.S. DOCCS Inmate Information website, *available at* http:// nysdoccslookup.docs.ny.gov (information obtained for DIN# 95–A–0851). Since the time of such release, Plaintiff has not contacted this Court to advise of any change in his address. And, the most recent Orders issued by this Court have been returned as undeliverable. Dkt. Nos. 75 & 78.

In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) (**"All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address."** (emphasis in original)). A party's failure to provide such information is grounds for dismissal. N.D.N.Y.L.R. 41.2(b). As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility Staff,* 1996 WL 172699, at \*1 (N.D.N.Y. Apr. 10, 1996) (citations omitted).

Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord,* 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin,* 177 F.R.D. 126 (N.D.N.Y.1988); *Morgan v. Dardiz,* 177 F.R.D. 125 (N.D.N.Y.1998); *Williams v. Faulkner,* 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany Cnty. Corr. Facility Staff,* 1996 WL 172699.

**\*3** It appears that the last communication received from Plaintiff in this case was more than eleven months ago when, on October 29, 2013, the Court received his Reply regarding Defendants' Response to his last Motion for Preliminary Injunction. Dkt. No. 70. Because that Motion was fully briefed, and with the original Scheduling Order deadlines expiring, we would not have expected any further communication from Plaintiff during these eleven months,

Perkins v. Rock, Not Reported in F.Supp.3d (2014)
2014 WL 4988224

except in certain circumstances such as providing the Court with an updated address. It is clear that in mid-December 2013, Plaintiff's address changed, yet there is no indication that Plaintiff attempted to update his address with the Court or Defendants. Such inaction constitutes grounds for dismissal.

Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see* Link v. Wabash R.R. Co., 370 U.S. 626 (1962). [3] This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See* Freeman v. Lundrigan, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing the court's docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir.2009); Lucas v. Miles, 84 F.3d 532, 534–35 (2d Cir.1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." United States ex rel. Drake v. Norden Sys ., Inc., 375 F.3d 248, 254 (2d Cir.2004).

[3]     It is well-settled that the term "these rules" in Rule 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See* Tylicki v. Ryan, 244 F.R.D. 146, 147 (N.D.N.Y.2006).

As previously noted, we have not had any communication from Plaintiff since his release from DOCCS custody on December 18, 2013, and have no meanse by which to communicate with him. Plaintiff's failure to provide an updated address and make any inquiries as to this action evidences his apparent abandonment of this case and evinces an intent to not prosecute this action. The Court finds that this period of noncompliance with the requirement that he notify the Clerk's Office and Defendants of his current address weighs in favor of dismissal. Moreover, the Court finds that Plaintiff was afforded proper notice of his obligation to advise

the Court and counsel of his address and the consequences of his failure to comply. Any further warnings to Plaintiff would naturally fall on deaf ears as we have no way of contacting him.

**\*4** The Court also finds that Defendants are likely to be prejudiced by further delay in the proceedings, which may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence. A extension of the discovery deadline was recently granted in order for Defendants' counsel to take Plaintiff's deposition. Yet, Counsel has no ability to comply with the Court's Order if he cannot communicate with Plaintiff. With regard to the fourth factor, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case and weighs in favor of the dismissal of this action.

Lastly, the Court has carefully considered sanctions less drastic than dismissal. Without the ability to communicate with Plaintiff, however, there is no meaningful way to procure his "reappearance" to actively prosecute this action. Moreover, simply waiting for him to comply with his obligations has not been, and is not likely to be, fruitful, since he has failed to do so for some months now. As a result, the Court finds that the fifth factor also weighs in favor of dismissal.

In sum, in light of the fact that Plaintiff cannot be located or communicated with at his address of record, and given his failure to comply with his obligation to advise the Court and counsel of any change in his address, we recommend that this action be dismissed. Nevertheless, in light of Plaintiff's *pro se* status, we recommend that the dismissal of this action be without prejudice. [4]

[4]     Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits." FED. R. CIV. P. 41(b).

**WHEREFORE,** it is hereby

**RECOMMENDED,** that this action be **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Report–Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. ***FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.*** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Sec'y of Health and Human Servs .,* 892 F.2d 15 (2d Cir.1989)); *see also* 28 U.S.C. § 636(b) (1); FED. R. CIV. P. 72 & 6(a).

Filed Sept. 5, 2014.

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 4988224

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

2014 WL 2533166
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Dwayne JONES, Plaintiff,

v.

Dr. Amber HAWTHORNE, Doctor,
Upstate Correctional Facility, Defendant.

No. 9:12–CV–1745 (GTS/RFT).
|
Signed June 5, 2014.

**Attorneys and Law Firms**

Dwayne Jones, Malone, NY, pro se.

Hon. Eric T. Schneiderman, Attorney General for the State
of New York, Joshua E. Mcmahon, Esq., Assistant Attorney
General, of Counsel, Albany, NY, for Defendant.

### *DECISION and ORDER*

GLENN T. SUDDABY, District Judge.

 **\*1** Currently before the Court, in this *pro se* prisoner civil
rights action filed by Dwayne Jones ("Plaintiff") against
the above-captioned New York State correctional employee
("Defendant"), is United States Magistrate Judge Randolph
F. Treece's Report–Recommendation recommending that
Plaintiff's Complaint be dismissed pursuant to Fed.R.Civ.P.
41(b) for failure to prosecute the action or comply with the
procedural rules or orders of the Court. (Dkt. No. 29.) Plaintiff
has not filed an objection to the Report–Recommendation,
and the deadline by which to do so has expired. (*See generally*
Docket Sheet.) After carefully reviewing the relevant filings
in this action, the Court can find no clear error in the Report–
Recommendation: Magistrate Judge Treece employed the
proper standards, accurately recited the facts, and reasonably
applied the law to those facts. As a result, the Court accepts
and adopts the ReportRecommendation for the reasons stated
therein. (Dkt. No. 29.)

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Treece's Report–
Recommendation (Dkt. No. 29) is ***ACCEPTED*** and
***ADOPTED*** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is
***DISMISSED*** without prejudice pursuant to Fed.R.Civ.P.
41(b).

### *REPORT–RECOMMENDATION and ORDER*

RANDOLPH F. TREECE, United States Magistrate Judge.

Plaintiff Joseph Bloomfield commenced this action *pro se*
in November 2012, seeking relief, pursuant to 42 U.S.C. §
1983, for alleged violations of his constitutional rights. Dkt.
No. 1, Compl. At the time of the initiation of this action,
Plaintiff was in the custody of the New York State Department
of Corrections and Community Supervision ("DOCCS") and
was incarcerated at Upstate Correctional Facility.

On March 22, 2013, the Honorable Glenn T. Suddaby,
United States District Judge, conducted an initial screening of
Plaintiff's Complaint. Dkt. No. 12. After directing dismissal
of certain claims and Defendants, Judge Suddaby directed
service on the remaining Defendant, Amber Hawthorne. [1]
Dkt. No. 12. Within that Decision and Order, Judge Suddaby
advised Plaintiff of his obligation to maintain an updated
address with the Court and opposing counsel. Specifically,
Judge Suddaby stated: "**Plaintiff is also required to
promptly notify the Clerk's Office and all parties or their
counsel of any change in his address; plaintiff's failure to
do so will result in the dismissal of this action.**" *Id.* at p. 23
(emphasis in original).

[1]       Plaintiff's request to proceed with this action *in
forma pauperis* ("IFP") was granted and the
United States Marshal was directed to effectuate service on
Plaintiff's behalf. Dkt. No. 12; *see also* 28 U.S.C.
§ 1915.

On April 22, 2013, Defendant filed a Motion seeking
revocation of Plaintiff's *in forma pauperis* ("IFP"), pursuant
to 28 U.S.C. § 1915(g), for having allegedly accumulated
three or more "strikes" prior to initiating this action. [2] Dkt.
No. 18. On May 8, 2013, while still in DOCCS's custody,
Plaintiff filed his Opposition to that Motion. Dkt. No. 23.
Thereafter, on February 12, 2014, this Court issued a Decision
and Order denying the Motion because Plaintiff had not

accumulated three strikes prior to initiating this action; Defendant was directed to respond to the Complaint.³ Dkt. No. 4. A copy of that Decision and Order was mailed to Plaintiff at his last known address as reflected on the Docket Report. However, on February 18, 2014, that Decision and Order was returned to the Court as undeliverable. Dkt. No. 25. In the meantime, Defendant complied with the Court's direction and filed her Answer, Dkt. No. 26, and a Mandatory Pretrial Discovery and Scheduling Order was issued, setting forth various deadlines for the progression of this action, Dkt. No. 27. A copy of that Order was likewise mailed to Plaintiff at his last known address and was, on March 10, 2014, similarly returned as undeliverable. Dkt. No. 28.

2      In *lieu* of an answer, Defendant filed a Motion to Dismiss. Dkt. No. 18. However, because the relief sought was revocation of Plaintiff's IFP status, which is not dispositive in nature, the Clerk was directed to reflect that the Motion to Dismiss was, in actuality, a motion seeking revocation of IFP status. Dkt. No. 20. In rendering this Order, this Court further noted that this was a non-dispositive issue to be decided by the undersigned directly and not upon referral from the District Judge. *Id.* We further stayed Defendant's time to respond to the Complaint pending a determination on the Motion. *Id.*

3      As noted in that Decision and Order, one of the proposed strikes offered by Defendant was a dismissal of a *habeas corpus* petition. During the pendency of the Defendant's Motion, the Second Circuit issued its decision in *Jones v. Smith,* 720 F.3d 142, 147 (2d Cir.2013), putting to rest the conflict among the District Courts by ruling that dismissals of *habeas* petitions challenging a prisoner's conviction and duration of confinement do not constitute strikes for purposes of the Prison Litigation Reform Act. Dkt. No. 24 at p. 4 & n. 2.

**\*2** According to information publically available on the New York State DOCCS website, Plaintiff was released from DOCCS custody on July 26, 2013, after serving the maximum time of incarceration for his underlying state conviction. *See* N.Y. S. DOCCS Inmate Information website, *available at* http:// nysdoccslookup.doccs.ny .gov (information obtained for DIN# 11–A–1561). Since the time of such release, Plaintiff has not contacted this Court to advise of any change in his address.

In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**" (emphasis in original)). A party's failure to provide such information is grounds for dismissal. N.D.N.Y.L.R. 41.2(b). As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff,* 1996 WL 172699, at * 1 (N.D.N.Y. Apr. 10, 1996) (citations omitted).

Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord,* 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin,* 177 F.R.D. 126 (N.D.N.Y.1988); *Morgan v. Dardiz,* 177 F.R.D. 125 (N.D.N.Y.1998); *Williams v. Faulkner,* 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff,* 1996 WL 172699.

It appears that the last communication received from Plaintiff in this case was ten months ago when, on May 8, 2013, the Court received his Opposition to Defendant's Motion. Dkt. No. 23. Because the Defendant's Motion was fully briefed, we would not have expected any communication from Plaintiff during these ten months, except in certain circumstances such as providing the Court with an updated address. It is clear that in late-July 2013, Plaintiff's address changed, yet there is no

Case 9:18-cv-01472-TJM-TWD   Document 117   Filed 04/21/22   Page 35 of 38
Jones v. Hawthorne, Not Reported in F.Supp.3d (2014)
2014 WL 2533166

indication that Plaintiff attempted to update his address with the Court. Such inaction constitute grounds for dismissal.

Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see* Link v. Wabash R.R. Co., 370 U.S. 626 (1962). [4] This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See* Freeman v. Lundrigan, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir.2009); Lucas v. Miles, 84 F.3d 532, 534–35 (2d Cir.1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir.2004).

[4]   It is well-settled that the term "these rules" in Rule 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See* Tylicki v. Ryan, 244 F.R.D. 146, 147 (N.D.N.Y.2006).

**\*3**  In this case, Plaintiff was released from DOCCS custody on July 26, 2013, over seven months ago, yet, we have never received an updated address, nor any alternative means by which to communicate with him. Plaintiff's failure to provide an updated address and make any inquiries as to this action evidences his apparent abandonment of this case and evinces an intent to not prosecute this action. The Court finds that this period of noncompliance with the requirement that he notify the Clerk's Office and Defendant of his current address weighs in favor of dismissal. Moreover, the Court finds that Plaintiff was afforded proper notice of his obligation to advise the Court and counsel of his address and the consequences of his failure to comply. Any further warnings to Plaintiff would

naturally fall on deaf ears as we have no way of contacting him.

The Court also finds that Defendant is likely to be prejudiced by further delay in the proceedings, which may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence. A Scheduling Order was recently issued which directs the exchange of certain discovery amongst the parties. Yet, Defendant has no ability to comply with the Court's Order if she cannot communicate with Plaintiff. With regard to the fourth factor, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case, and weighs in favor of the dismissal of this action.

Lastly, the Court has carefully considered sanctions less drastic than dismissal. Without the ability to communicate with Plaintiff, however, there is no meaningful way to procure his "reappearance" to actively prosecute this action. Moreover, simply waiting for him to comply with his obligations has not been, and is not likely to be, fruitful, since he has failed to do so for some months now. As a result, the Court finds that the fifth factor also weighs in favor of dismissal.

In sum, in light of the fact that Plaintiff cannot be located or communicated with at his address of record, and given his failure to comply with his obligation to advise the Court and counsel of any change in his address, we recommend that this action be dismissed. Nevertheless, in light of Plaintiff's *pro se* status, we recommend that the dismissal of this action be without prejudice. [5]

[5]   Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits." FED. R. CIV. P. 41(b).

**WHEREFORE,** it is hereby

**RECOMMENDED,** that this action be **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Report–Recommendation and Order upon the parties to this action.

2014 WL 2533166

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. ***FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.*** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Sec'y of Health and Human Servs .,* 892 F.2d 15 (2d Cir.1989)); *see also* 28 U.S.C. § 636(b) (1); FED. R. CIV. P. 72 & 6(a).

**\*4**  Filed March 13, 2014.

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 2533166

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

Case 9:18-cv-01472-TJM-TWD Document 117 Filed 04/21/22 Page 37 of 38
Flynn v. Ward, Not Reported in Fed. Supp. (2019)
2019 WL 2085986

2019 WL 2085986
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Bruce FLYNN, Plaintiff,

v.

Joe WARD, et al., Defendants.

9:15-cv-1028 (BKS/CFH)
|
Signed 05/13/2019

**Attorneys and Law Firms**

Plaintiff, pro se: Bruce Flynn, 10-A-1558, Elmira Correctional Facility, P.O. Box 500, Elmira, NY 14902.

For Defendants: Brian W. Matula, Esq., Assistant Attorney General, New York State Attorney General's Office, The Capitol, Albany, NY 12224.

**MEMORANDUM-DECISION AND ORDER**

Brenda K. Sannes, U.S. District Judge

**\*1** Plaintiff pro se Bruce Flynn brought this action under 42 U.S.C. § 1983 alleging that Defendants violated his rights under the First Amendment while he was incarcerated at Mid-State Correctional Facility. (Dkt. Nos. 1, 20). On June 28, 2018, United States District Court Judge Gary L. Sharpe issued an Order denying, in part, the Defendants' summary judgment motion, and ordering that the case is deemed trial ready. (Dkt. No. 67). On April 5, 2019, the case was reassigned to the undersigned, and a copy of the reassignment Order was sent to Plaintiff's last known address at Elmira Correctional Facility. (Dkt. No. 68). On April 5, 2019, the Court also sent a letter to Plaintiff at Elmira Correctional Facility inquiring whether he would like to have counsel appointed to represent him at trial. (Dkt. No. 69). Both of the documents mailed to Plaintiff on April 5, 2019 were returned to the Court as undeliverable. (Dkt. Nos. 70, 71). The return envelopes contained a notation "Released 10-29-18." (*Id.*). On April 19, 2019, the undersigned issued an Order granting Plaintiff fourteen (14) days from that Order to notify the Court of his current address, and notifying Plaintiff that if he failed to comply the action would be dismissed for failure to prosecute. (Dkt. No. 72). That Order was also returned to the Court as undeliverable on April 25, 2019. (Dkt. No. 73).

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order...." Fed. R. Civ. P. 41(b); *see* Link v. Wabash R.R. Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Greeene v. Sposato*, No. 16-CV-1243, 2019 WL 1559421, at *1, 2019 U.S. Dist. LEXIS 61741 (E.D.N.Y. April 9, 2019); *see also* N.D.N.Y. L.R. 41.2(b). It is well settled that Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

Since a Rule 41(b) dismissal is a "harsh remedy ... [it] is appropriate in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted). Before dismissing an action under Rule 41(b) for failure to prosecute a district court must consider:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane*, 239 F.3d at 209; *see also* Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (citations omitted).

Under the Local Rules of Practice for this district ("Local Rules"), "[a]ll attorneys of record and *pro se* litigants must immediately notify the court of any changes of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted). Failure to do so will subject the action to dismissal under Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2(b) for lack of prosecution. *See e.g.*, Fenza v. Conklin, 177 F.R.D. 126, 127 (N.D.N.Y. 1998) (dismissing inmate's action for failure to notify the Court of current address); *see also Rosa v. Keiser*, No. 10-CV-1313, 2012 WL 2178961, at *1, 2012 U.S.

Dist. LEXIS 82529 (N.D.N.Y. May 14, 2012) (dismissing former inmate's action for failure to notify the Court of current address). Plaintiff appears to have understood his obligation to update his address: he notified the Court on August 31, 2016 of a change of address. (Dkt. No. 30).

**\*2** In this case, dismissal is justifiable. Plaintiff has failed to comply with this Court's Order directing that he update his address, and notifying him that the action would be dismissed if he failed to do so. (Dkt. No. 72). It appears that Plaintiff was released from custody in October 2018, and thus has failed to comply with the Local Rule requiring that he update his address for almost seven months. Plaintiff failed to respond to the Defendants' October 6, 2017 motion for summary judgment; he has not communicated with this Court since May 30, 2017. (Dkt. Nos. 59, 64). While the Defendants have not weighed in on this issue, the Court notes that "[t]he passage of time always threatens difficulty as memories fade...." *Barber v. United States*, No. 11-CV-1100, 2012 WL 1681978, at \*1, 2012 U.S. Dist. LEXIS 67159 (N.D.N.Y. May 14, 2012) (citing *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996)). The Court currently has no way of contacting Plaintiff and is therefore unaware of any feasible lesser sanction. The Court finds that, in light of all of these factors, the need to alleviate the Court's docket outweighs Plaintiff's right to an opportunity to his day in court. *Barber*, 2012 WL 1681978, at \*1, 2012 U.S. Dist. LEXIS 67159 ("It is the need to monitor and manage dilatory cases like this one that delay the resolution of other cases, and contribute to the Second Circuit's relatively long median time to disposition for pro se civil rights cases."). Therefore, pursuant to Rule 41(b), dismissal of this action warranted.

Accordingly, it is

**ORDERED** that this action is **DISMISSED without prejudice** for failure to prosecute; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

### All Citations

Not Reported in Fed. Supp., 2019 WL 2085986

---

© 2022 Thomson Reuters. No claim to original U.S. Government Works.